**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:16-CV-00565** |
| | § | |
| **NATIONAL FIRE AND MARINE INSURANCE COMPANY, HEALTHCARE LIABILITY SOLUTIONS, INC.; THE MEDICAL PROTECTIVE COMPANY; BERKSHIRE HATHAWAY INC.; RAJ MEHTA, and THOMAS MEIERANT,** | § | |
| | § | |
| **Defendants.** | § | |

---

## NOTICE OF REMOVAL

---

Defendants National Fire and Marine Insurance Company, The Medical Protective Company, Berkshire Hathaway Inc., and Thomas Meierant (together, "Removing Defendants") hereby remove the above-captioned action from the 68th Judicial District Court of Dallas County, Texas, where it is currently pending. In support of removal, Removing Defendants state the following:

### THE STATE COURT ACTION

1. Plaintiff Western Healthcare, LLC ("Western") initiated this action on January 11, 2016, by filing its Original Petition ("Complaint") in the 68th Judicial District Court of Dallas County, Texas. Prior to removal, this action was pending in state court as Cause No. DC-16-00259.

2. According to its Complaint, Western "is a leading provider of physician staffing services to medical facilities throughout the United States." (Compl., ¶ 11.) All of

Western's claims stem from Defendants' handling of a medical malpractice lawsuit filed against one of Western's physicians.

3. According to the Complaint, Western engaged Defendant Healthcare Liability Solutions ("HLS") to obtain liability insurance covering Western's physicians. (Compl., ¶ 11.) HLS eventually placed Western's insurance with Defendant National Fire and Marine Insurance Company ("NFM"), a subsidiary of Defendant Berkshire Hathaway Inc. ("Berkshire"). (*Id.*) When one of Western's physicians was sued in Illinois in 2012, Western reported the claim to Defendant Raj Mehta, who is alleged to be an employee and agent of Berkshire and NFM. (*Id.*, ¶ 12.) NFM subsequently assigned the claim to Defendant Medical Protective Company ("MedPro") for handling, which, in turn assigned the claim to its agent, Defendant Thomas Meierant. (*Id.*) Western alleges that it was forced to retain its own counsel to defend itself in the Illinois lawsuit, at a substantial cost. (*Id.*, ¶¶ 13-20.) Based on these allegations, Western asserts negligence, violations of Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act against all Defendants, as well as breach of contract and breach of good faith and fair dealing against NFM.

## REMOVAL IS TIMELY

4. Removal is timely because this notice was filed within thirty days after the last-served Removing Defendant was served with a copy of the summons and complaint. *See* 28 U.S.C. § 1446(b)(2)(B) & (C); *Gibbs v. Ocwen Loan Servicing, LLC*, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014) (noting that the 2011 amendments to 28 U.S.C. § 1446 codified the last-served defendant rule).[1]

[1] MedPro was the last-served Removing Defendant. It was served January 28, 2016.

**THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

5. Removal to this Court is proper because this is the federal district and division embracing the state court where this action is pending. 28 U.S.C. § 1441(a).

6. Removal generally requires the consent of all co-defendants. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). However, consent is not required for improperly joined defendants. *Id.*; *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Nor is consent required for defendants who have not yet been served. *Rico*, 481 F.3d at 239; *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). Accordingly, the Removing Defendants need not obtain the consent of Defendant HLS, who is improperly joined, or Defendant Mehta, who has not yet been served. *See Rico*, 481 F.3d at 239.

7. Removing Defendants have given prompt notice of this removal to the state court by filing a copy of this Notice of Removal with the clerk of the 68th Judicial District Court of Dallas County, Texas, as required by 28 U.S.C. § 1446(d).

8. As required by LR 81.1 of the Local Civil Rules, Removing Defendants have attached an index of all documents filed in the state court, a copy of the state court docket sheet, a copy of each document filed in state court, and a separately signed certificate of interested persons that complies with LR 3.1(c).

**DIVERSITY JURISDICTION EXISTS**

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between Plaintiffs and all properly joined defendants and the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. In addition, none of the properly joined defendants is a citizen of Texas.

**A. It Is Facially Apparent that the Amount in Controversy Exceeds $75,000.**

10. The amount in controversy exceeds the jurisdictional minimum because it is apparent from the face of the Complaint that Western seeks to recover more than $75,000, excluding interest and costs. Western alleges that defendants' conduct caused Western to sustain "substantial" and "significant" damages, "*including but not limited to* the attorney's fees and expenses" incurred by Western in defending itself in the Illinois litigation. (Compl., ¶¶ 19-20 (emphasis added).) As compensation, Western seeks a long list of damages, including actual damages, consequential and incidental damages, exemplary damages, statutory damages, and treble damages under the DTPA, along with reasonable attorney's fees and costs and pre-judgment and post-judgment interest. (*Id.*, ¶¶ 27, 33, 44, 48.) If Plaintiff were to prevail, these damages would exceed the $75,000 jurisdictional threshold. *See, e.g.*, *Villareal v. State Farm Lloyds*, No. 7:15-cv-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (finding that amount in controversy was satisfied where plaintiff sought punitive damages for various insurance-related causes of action). Indeed, federal courts routinely find the amount in controversy exceeds $75,000 when a plaintiff seeks exemplary and treble damages, even where economic damages are much less than $75,000. *See, e.g.*, *Whitmire v. Bank One, N.A.*, No. Civ.A. H-05-3732, 2005 WL 3465726, at *4 (S.D. Tex. Dec. 16, 2005).

11. Based on the allegations of the Complaint, the amount in controversy must exceed $75,000 because Western alleges that the exemplary damages caps in Chapter 41 of the Texas Civil Practice and Remedies Code do not apply in this case. (Compl., ¶¶ 53-56.) Chapter 41 of the Texas Civil Practice and Remedies Code caps exemplary damages at the greater of (a) two times the amount of economic damages, plus any amount of noneconomic damages found by the jury, not to exceed $750,000; or (B) $200,000. TEX.

CIV. PRAC. & REM. CODE ¶ 41.008(b). By pleading that this cap does not apply, Western has effectively alleged that it is seeking at least $200,000. Otherwise, the exemplary damages cap would not affect Western's recovery. For all of these reasons, the amount in controversy is satisfied.

**B. The Only Non-Diverse Defendant Is Improperly Joined.**

12. Complete diversity of citizenship exists because no "properly joined" defendant is a citizen of the same state as Western. A defendant is "improperly joined" if the removing party demonstrates "either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (en banc)).

13. Plaintiff Western is a limited liability company organized under Texas law. (Compl., ¶ 2.) All of Western's members are individuals domiciled in Texas. Consequently, Western is a citizen of Texas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is determined by the citizenship of all its members).

14. Defendant NFM is a corporation organized under the laws of Nebraska with its principal place of business in Omaha, Nebraska. (Compl., ¶ 3.) Consequently, NFM is a citizen of Nebraska. *See* 28 U.S.C. § 1332(c)(1).

15. Defendant MedPro is a corporation organized under the laws of Indiana with its principal place of business in Fort Wayne, Indiana. (Compl., ¶ 5.) Consequently, MedPro is a citizen of Indiana. *See* 28 U.S.C. § 1332(c)(1).

16. Defendant Berkshire is a corporation organized under the laws of Delaware with its principal place of business in Omaha, Nebraska. (Compl., ¶ 6.) Consequently, Berkshire is a citizen of Delaware and Nebraska. *See* 28 U.S.C. § 1332(c)(1).

17. Defendant Mehta is an individual domiciled in Stamford, Connecticut. (Compl., ¶ 7.) Consequently, Mehta is a citizen of Connecticut.

18. Defendant Meierant is an individual domiciled in Wildwood, Missouri. (Compl., ¶ 8.) Consequently, Meierant is a citizen of Missouri.

19. The Court should disregard the citizenship of Defendant HLS in determining diversity because HLS has been improperly joined solely to defeat federal jurisdiction. *See Cuevas*, 648 F.3d at 249. HLS has been improperly joined because there is no reasonable basis for this Court to predict that Western might be able to recover against HLS based on the facts alleged in the Complaint. *Id.* at 573; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The only factual allegations Western makes that are specific to HLS are that (1) Western retained HLS to assist Western in procuring insurance, (2) "HLS chose to place Western's insurance with Defendant NFM," and (3) Western accepted HLS's choice "[i]n reliance upon HLS's representations as to the quality and content of the coverage HLS was proposing." Compl. ¶ 11. Western does not allege that HLS breached any legal duties or engaged in any type of misconduct. Indeed, Western does not allege that any action by HLS caused the damages that Western seeks to recover in this lawsuit.

20. Western's non-actionable allegations against HLS are similar to other cases where the court has found improper joinder of an insurance agent. *See Griggs*, 181 F.3d at 701; *Barclay*, 2015 WL 1408185, at *6; *Druker*, 2007 WL 38322, at *4. In *Griggs*, the

Fifth Circuit affirmed the district court's decision that the agent was improperly joined where the only alleged misrepresentations were that the insurer would handle the plaintiff's claims "professionally" and the agent would "monitor the progress" of the claim. 181 F.3d at 701-02. The Fifth Circuit held that such non-specific statements were "more in the nature of non-actionable puffery than actionable representations of specific material fact" required to establish liability under the DTPA and the Insurance Code. *Id.* Likewise, in *Barclay*, the court held that an agent was improperly joined where the only allegation against the agent was that the agent misrepresented that (1) the plaintiff was "adequately insured," (2) the insurer "provided certain coverages," and (3) the plaintiff was "covered" by the policy when it was not. 2015 WL 1408185, at *4. Even if Western alleged that HLS misrepresented the "quality and content of the coverage" provided by NFM (which Western does not allege), those allegations would not be actionable. *See Griggs*, 181 F.3d at 701; *Barclay*, 2015 WL 1408185; *Druker*, 2007 WL 38322, at *4. Western has no possibility of prevailing against HLS under the DTPA or the Texas Insurance Code.

21. Equally fatal to the improper joinder of HLS is that Western does not allege any facts that connect any alleged actions of HLS to the damages that were allegedly caused by the NFM-appointed defense counsel's handling of the Illinois lawsuit. Accordingly, Western cannot establish any actionable claim against HLS under the DTPA or the Texas Insurance Code. *See Smallwood*, 385 F.3d at 573.

22. Furthermore, there is no possibility that Western can establish any actionable claim against HLS based on a negligence theory. To establish a claim of negligence against HLS, Western must show not only that HLS breached a duty to Western, but also that HLS's breach caused Western's damages. Western does not allege

any facts regarding the "reasonable diligence" of HLS or that HLS did not obtain the requested insurance. To the contrary, Western alleges that it obtained insurance and was provided a defense for medical malpractice claims asserted in an Illinois lawsuit. (Compl., ¶¶ 11 [second], 13.) It is evident that Western's complaint is devoid of any actionable allegations against HLS. As HLS had no involvement in the handling of Western's defense in the Illinois lawsuit, it is clear that the Complaint does not allege any facts from which the Court could infer that any action or inaction by HLS caused the damages allegedly arising from the defense of the Illinois lawsuit.

23. For all of these reasons, there is no reasonable basis for this Court to predict that Western can recover against HLS based on the facts and legal theories alleged in the Complaint. Accordingly, HLS has been improperly joined and its citizenship must be disregarded for purposes of determining jurisdiction. *See Smallwood*, 385 F.3d at 573. Because all other parties are completely diverse and the amount in controversy exceeds the jurisdictional threshold, diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a)(1).

**PRAYER**

WHEREFORE, Removing Defendants request that this Court exercise jurisdiction over this matter as allowed by law.

Dated: February 29, 2016.

Respectfully submitted,

/s/ *Susan A. Kidwell*
Susan A. Kidwell
Texas Bar No. 24032626
skidwell@lockelord.com
LOCKE LORD LLP
600 Congress Street, Suite 2200
Austin, Texas 78701
T: (512) 305-4766
F: (512) 391-4766

Taylor F. Brinkman
Texas Bar No. 24069420
tbrinkman@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR NATIONAL FIRE AND MARINE INSURANCE COMPANY, THE MEDICAL PROTECTIVE COMPANY, BERKSHIRE HATHAWAY INC., and THOMAS MEIERANT**

**CERTIFICATE OF SERVICE**

I certify that on February 29, 2016, I served this document on Plaintiff's counsel of record via the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to Plaintiff's counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure.

/s/ *Susan A. Kidwell*