FILED
DALLAS COUNTY
1/11/2016 2:29:39 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-16-00259

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC** § | | **IN THE DISTRICT COURT** |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **NATIONAL FIRE AND MARINE** § | | **DALLAS COUNTY, TEXAS** |
| **INSURANCE COMPANY;** § | | |
| **HEALTHCARE LIABILITY** § | | |
| **SOLUTIONS, INC; THE MEDICAL** § | | |
| **PROTECTIVE COMPANY;** § | | |
| **BERKSHIRE HATHAWAY INC.; RAJ** § | | |
| **MEHTA and THOMAS MEIERANT** § | | |
| Defendants. § | | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Western Healthcare, LLC, complaining of Defendants National Fire and Marine Insurance Company, Healthcare Liability Solutions, Inc., The Medical Protective Company, Berkshire Hathaway Inc., Raj Mehta and Thomas Meierant, and will respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1.  Western Healthcare, LLC pleads that discovery should be conducted under a Level 3 Discovery Control Plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff Western Healthcare, LLC ("Western" or "Plaintiff") is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Dallas County, Texas.

3.  Defendant National Fire and Marine Insurance Company ("NFM") is a company organized under the laws of the State of Nebraska and maintains its principal place of business in

Omaha, Nebraska. Defendant NFM may be served with process at 4016 Farnam Street, Omaha, Nebraska 68131.

4. Defendant Healthcare Liability Solutions, Inc. ("HLS") is a corporation organized under the laws of the State of Texas and maintains its principal place of business in Houston, Texas. Defendant HLS may be served with process by serving its registered agent, Denise D. Barnes, at 820 Gessner, Suite 1825, Houston, Texas 77024.

5. Defendant The Medical Protective Company ("MedPro") is an entity formed under the laws of the State of Indiana and maintains its principal place of business at 5814 Reed Road, Fort Wayne, IN 46835. Defendant MedPro may be served with process by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant Berkshire Hathaway Inc. ("Berkshire") is an entity formed under the laws of the State of Delaware and maintains its principal place of business at 3555 Farnam Street, Omaha, NE 68131. Defendant Berkshire may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

7. Defendant Raj Mehta ("Mehta") is an individual residing in Stamford, CT. Defendant Mehta may be served with process at 37 W Rock Trail, Stamford, CT 06902-1735.

8. Defendant Thomas Meierant ("Meierant") is an individual residing in Wildwood, MO. Defendant Meierant may be served with process at 252 Timber Tree Ct., Wildwood, MO 63011.

9. Jurisdiction is proper because the court has personal jurisdiction over all of the parties and because the amount in controversy exceeds the minimum jurisdictional limits of the

Court. The Court has personal jurisdiction over all Defendants because, at a minimum, all Defendants have established minimum contacts with the State of Texas.

10. Venue is proper because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## FACTUAL BACKGROUND

11. Western is a leading provider of physician staffing services to medical facilities throughout the United States. In the course of its business, Western contracts with individual physicians to provide healthcare services as independent contractors to Western's clients, which include health care facilities such as hospitals.

11. As part of its business, Western is required to provide insurance coverage for the physicians with whom it contracts to perform services at its clients' healthcare facilities. Western retained Defendant HLS to assist in meeting its insurance needs. Western provided HLS with the specific insurance requirements it needed to fulfill. Having been provided with Western's insurance requirements, HLS submitted a proposal to Western purporting to meet Western's insurance needs. Under the proposal submitted, HLS chose to place Western's insurance with Defendant NFM. In reliance upon HLS's representations as to the quality and content of the coverage HLS was proposing and the entities involved in executing its insurance program, Western accepted HLS's proposal and obtained an insurance policy from NFM. NFM is a subsidiary of Defendant Berkshire. Western paid NFM substantial premiums, a portion of which, on information and belief, were paid to HLS.

12. In October 2012, Western and one of the physicians with whom it had contracted, Dr. Erick Falconer ("Dr. Falconer"), along with several other defendants, were sued in state court in St. Clair County, Illinois. Western reported the claim to Defendant Raj Mehta, an employee of

Defendant Berkshire in its Reinsurance Group and an agent of NFM, as required by the policy. The lawsuit fell squarely within the coverage NFM provided to Western and Dr. Falconer, and NFM accepted tender of the defense without reservation. NFM assigned its claims handling responsibilities to Defendant MedPro, who in turn assigned its agent, Defendant Meierant, to handle the claim. At all times relevant to this lawsuit, Meierant was acting within the course and scope of his agency with MedPro, and MedPro and Meierant were acting within the course and scope of their agency with NFM and HLS. Further, at all times relevant to this lawsuit, Mehta, acting within the course and scope of his agency with NFM and Berkshire, was kept abreast of all developments and oversaw the litigation on behalf of NFM.

13. Defendants retained separate Illinois counsel to represent Western and Dr. Falconer. Defendant Mehta selected Western's counsel on behalf of NFM. In the course of the defense, Plaintiff's counsel propounded discovery requests upon Western's counsel, asking, among other things, that Western's counsel produce a copy of Western's insurance policy, and also asking Western's counsel to divulge the amount of insurance available to resolve claims. Western's defense counsel forwarded the requests to Meierant for response. Despite being obligated to do so, Meierant did not produce the policy. Instead, Meierant directed Western's defense counsel to respond that the full policy limits were available to settle the claims. Western's defense counsel responded accordingly. Shortly thereafter, Plaintiff voluntarily dismissed Western from the Illinois lawsuit.

14. Unbeknownst to Western, the information Meierant provided to Western's defense counsel was, at a minimum, incomplete. Western's policy was an eroding limits policy. Plaintiff's counsel could not have ascertained that because, despite being obligated to do so, Meierant did not provide the policy to Western's defense counsel, who therefore could not

4

provide the policy to Plaintiff's counsel. Nor did Meierant inform Western's defense counsel that the policy limits were eroding, and had already eroded at the time Western's defense counsel answered discovery responses stating that the entire policy limits were potentially available to settle claims.

15.     The issue came to light during a mediation of the case on or about August 10, 2015, when Plaintiff's counsel claimed that he was notified for the first time that the policy was an eroding limits policy, and that the policy had substantially eroded. Plaintiff's counsel immediately filed a motion for sanctions, claiming that Western's discovery responses were knowingly false, and that Western's voluntary dismissal was procured by fraud. The motion was set for hearing just days later.

16.     Despite the fact that Western had been dismissed, the counsel NFM retained to defend Western appeared at the sanctions hearing. When it became clear that the issues were not going to be resolved that day, NFM's chosen defense counsel, without Western's knowledge or consent, suggested to the court that Western be brought back into the lawsuit so the sanctions issues could be addressed with Western present. NFM's chosen defense counsel then agreed on Western's behalf to waive notice and accept service, thereby bringing Western back into the case and subjecting Western to the Illinois court's jurisdiction—again without Western's knowledge or consent.

17.     After having subjected Western to the Illinois court's jurisdiction without Western's knowledge or consent, NFM's chosen defense counsel then informed Western that it believed a conflict of interest existed, and that it could not represent Western any further with respect to the sanctions issues. Left without counsel for claims clearly within the policy—and now subject to proceedings arising because of the actions of NFM's hand-picked defense

counsel—Western turned to NFM and requested that it appoint new defense counsel as it was obligated to do under its duty to defend, which had already been triggered. Despite the duty it owed to Western, Mehta, acting on behalf of NFM, refused to appoint replacement defense counsel to defend Western.

18. Left with no other alternative and faced with having to appear and defend itself against a sanctions motion seeking significant sanctions, Western was forced to retain counsel to defend itself against the emergency Illinois proceedings. Given the dire circumstances and short notice, the defense fees and expenses incurred by Western were substantial.

19. Despite having no obligation to do so once NFM breached its duty to defend, Western repeatedly re-tendered the defense to NFM through Defendant Mehta, thereby giving NFM ample opportunity to mitigate the damages Western incurred as a result of Defendants' conduct. Defendants Mehta and NFM refused Western's repeated requests. As a result, Western sustained significant damages, including but not limited to attorney's fees and expenses related to defending itself in Illinois, as well as attorney's fees and expenses incurred in connection with pursuing this lawsuit.

20. As a result of Defendants' tortious conduct, Western has incurred substantial damages in excess of the jurisdictional minimum limits of this court, for which it seeks recovery in this lawsuit.

## CAUSES OF ACTION

### COUNT I:
### BREACH OF CONTRACT—DEFENDANT NFM

21. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

22. The Plaintiff had a valid contract with NFM under which it obtained insurance

coverage for itself and contracting doctors.

23. Defendant NFM owed a contractual duty under the terms of the Policy to defend Western in the Illinois Lawsuit, including to provide replacement defense counsel when the counsel NFM originally assigned abruptly refused to defend NFM in the sanctions proceedings.

24. Plaintiff complied with all conditions precedent to coverage, and properly tendered the claims to Defendant NFM.

25. Despite Defendant NFM's contractual obligation to fully and completely defend Western, it refused to do so.

26. Defendant NFM's actions constitute material breaches of the Policies/insurance contracts.

27. As a result of Defendant NFM's material breaches of contract, Plaintiff has suffered damages for which it seeks recovery, including actual damages, consequential and incidental damages, as well as reasonable and necessary attorneys' fees, costs and pre- and post-judgment interest to the extent allowed by law.

## COUNT II:
## BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH REFUSAL TO DEFEND—DEFENDANT NFM

28. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

29. By virtue of the Policies/insurance contracts, Defendant NFM owed a duty to act in good faith when dealing to Plaintiff as policyholder and insured under the Policies/insurance contracts.

30. Defendant NFM acted in bad faith when it denied Plaintiff's request for replacement defense under the Policies/insurance contracts, once the defense counsel NFM

appointed abruptly refused to defend Plaintiff in the sanctions proceedings.

31. At the time that Defendant NFM denied Plaintiff's request for defense, it knew or should have known that coverage under the Policy was reasonably clear, yet denied it anyway.

32. Defendant NFM's denial of a defense under the Policies/insurance contracts was fraudulent, malicious, intentional and grossly negligent.

33. As a result of Defendant NFM's bad faith conduct, Plaintiff has suffered damages for which it seeks recovery, including actual damages, the loss of policy benefits, exemplary damages, costs and pre- and post-judgment interest to the extent allowed by law.

### COUNT III
### VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 541—UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES—ALL DEFENDANTS

34. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

35. Defendants and their agents are individuals, including agents, brokers, adjusters, and life insurance counselors, corporations, associations, partnerships…and other legal entities engaged in the business of insurance and as such, each is a "person" subject to liability under Tex. Ins. Code § 541.001 *et seq.*

36. Defendants have engaged in one more acts that constitute an unfair method of competition and/or unfair or deceptive act or practice in the business of insurance, including but not limited to intentionally and knowingly:

    a. making, issuing, circulating and/or causing to be made, issued or circulated one or more statements misrepresenting the terms of the Policies, the benefits and advantages promised by the Policies;

    b. Misrepresenting the Policies by:

      i. making an untrue statement of material fact;

      ii. failing to state a material fact necessary to make other statements made not misleading;

      iii. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact;

      iv. making a material misstatement of law; and

      v. failing to disclose a matter required by law to be disclosed;

   c. Misrepresenting the Policies by making, publishing, disseminating, and/or circulating, an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business; and

   d. Engaging in unfair settlement practices by:

      i. misrepresenting a material fact or policy provision relating to the coverage at issue;

      ii. failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; and

      iv. refusing to defend Plaintiff's after a claim was properly tendered.

37. Defendants are individually and vicariously liable not only for their own acts, but for those acts of their employees or agents.

38. All conditions precedent to bringing this claim have occurred or been performed.

39. As a result of Defendants' violations of Section 541, Plaintiff has suffered

9

damages for which it seeks recovery, including actual damages, additional damages under §541.152(b), costs, reasonable and necessary attorneys' fees, and pre- and post-judgment interest to the extent allowed by law.

## COUNT IV
## VIOLATIONS OF TEXAS INSURANCE CODE CHAPTER 542—ALL DEFENDANTS

40. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

41. Plaintiff provided proper notice of its claim to all Defendants.

42. Defendants have engaged in one or more acts or omissions constituting violations of Chapter 542 of the Texas Insurance Code, including but not limited to:

   i. Knowingly misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

   ii. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policies; and

   iii. Failing to attempt in good faith to effect a prompt, fair and equitable settlement of Plaintiff's claim even though liability was reasonably clear.

43. All conditions precedent to bringing this claim have occurred or been performed.

44. As a result of Defendants' violations of Section 542, Plaintiff has suffered damages for which its seeks recovery, including actual damages, statutory damages, interest at a rate of 18% per annum under § 542.060, as well as reasonable and necessary attorneys' fees, costs and pre- and post-judgment interest to the extent allowed by law.

## COUNT V
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")—ALL DEFENDANTS

45. Plaintiff hereby incorporates by reference the allegations contained in all prior

paragraphs as if fully set forth herein.

46. Plaintiff is a consumer as defined in Tex. Bus. & Com. Code § 17.45(4). Plaintiff is a business entity with less than $25 million in assets who acquired rights under an insurance contract by purchase.

47. Defendants used or employed false, misleading and deceptive acts or practices in connection with the services Plaintiff's acquired that are at issue in this lawsuit:

   a. Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of services. Tex. Bus. & Com. Code § 17.46(b)(2);

   b. Representing that services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection he does not have. Tex. Bus. & Com. Code § 17.46(b)(5);

   c. Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. Tex. Bus. & Com. Code § 17.46(b)(12);

   d. Failing to disclose information about services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed. Tex. Bus. & Com. Code § 17.46(b)(24);

   e. Engaging or using unconscionable acts and practices that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree. Tex. Bus. & Com. Code § 17.50(a)(3); and

   f. Using or employing acts and practices in violation of the Texas Insurance Code.

48. Defendants' conduct was the producing cause of Plaintiff's damages, and was done knowingly and intentionally. As a result, Plaintiff seeks actual and treble damages to the fullest extent allowed by law.

## COUNT VI
## NEGLIGENCE—ALL DEFENDANTS

49. Plaintiff hereby incorporates by reference all allegations contained in all prior paragraphs as if fully set forth herein.

50. Defendants owed Plaintiff multiple duties, including but not limited to the duty to retain entities and individuals to competently administer Plaintiff's insurance program, and the duty to competently adjuste Plaintiff's claims and oversee the defense of the Illinois lawsuit.

51. Defendants breached the duties they owed to Plaintiff in numerous ways, including but not limited to failing to exercise care, either directly or indirectly through the acts and omissions of those acting within the course and scope of their agency/employment, in:

   a. selecting the appropriate insurance program despite knowing Western's particular insurance needs;

   b. selecting the insurer and program administrator;

   c. administering Western's insurance program;

   d. adjusting Western's insurance claims;

   e. selecting Western's defense counsel;

   f. working with Western's defense counsel to answer discovery requests;

   g. overseeing Western's defense;

   h. keeping Western apprised and obtaining Western's consent before making critical defense decisions; and

   i. providing Western and its defense counsel with all information necessary to

defend itself in the Illinois lawsuit.

52. These and other acts and omissions proximately caused substantial damage to Western, for which Western seeks recovery.

## COUNT VII
## EXEMPLARY DAMAGES

53. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

54. The harm for which Plaintiff seeks recovery resulted from Defendants' fraud, malice and/or gross negligence. Plaintiff is therefore entitled to exemplary damages pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code.

55. In addition, Plaintiff seeks recovery of exemplary damages based upon conduct described as a felony and that was committed knowingly or intentionally, including but not limited to securing the execution of a document by deception.

56. As a result, the exemplary damages limitations of Chapter 41 are inapplicable in this case.

## COUNT VIII
## ATTORNEYS' FEES

57. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

58. In addition to the other damages it seeks, Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, as well as any and all other bases upon which attorney's fees may be awarded, including but not limited to the Texas Deceptive Trade Practice Act and Texas Insurance Code.

**REQUEST FOR JURY TRIAL**

59. Plaintiff requests a jury trial.

**DAMAGES AND PRAYER FOR RELIEF**

60. Plaintiff hereby incorporates by reference the allegations contained in all prior paragraphs as if fully set forth herein.

61. As a result of Defendants' conduct as described herein, Plaintiff seeks to recover the following damages:

    i. Actual damages;

    ii. Enhanced, additional and treble damages;

    iii. Statutory damages;

    iv. Exemplary damages;

    v. Reasonable and necessary attorneys' fees and costs;

    vi. Pre-judgment interest to the extent allowed by law;

    vii. Post-judgment interest to the extent allowed by law; and

    viii. Such other relief to which they are justly or equitably entitled.

WHEREFORE, the Plaintiff requests that this Court render judgment against the Defendants for any and all damages to which Plaintiff is entitled as set forth herein, including but not limited to actual damages, additional damages, exemplary damages, pre-and post-judgment interest, costs, attorneys fees and any other relief in law or equity.

Respectfully submitted,

*/s/Ross Cunningham*
M. ROSS CUNNINGHAM
State Bar No. 24007062
STEVEN D. SANFELIPPO
State Bar No. 2402787
REBECCA L. SOLOMON
State Bar No. 24083892
**CUNNINGHAM SWAIM, LLP**
7557 Rambler Road, Suite 440
Dallas, Texas 75231
Phone:  214-646-1495
Facsimile: 214-613-1163
rcunningham@cunninghamswaim.com
ssanfelippo@cunninghamswaim.com
rsolomon@cunninghamswaim.com
**ATTORNEYS FOR PLAINTIFF**