## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NATIONAL FIRE AND MARINE** | § | |
| **INSURANCE COMPANY,** | § | **NO. 3:16-CV-00565-L** |
| **HEALTHCARE LIABILITY** | § | |
| **SOLUTIONS, INC., THE MEDICAL** | § | |
| **PROTECTIVE COMPANY,** | § | |
| **BERKSHIRE HATHAWAY INC., RAJ** | § | |
| **MEHTA, AND THOMAS MEIERANT,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT HEALTHCARE LIABILITY SOLUTIONS, INC.'S
## MOTION TO DISMISS UNDER FRCP 12(B)(6)

**TO THE HONORABLE COURT:**

Defendant Healthcare Liability Solutions, Inc. ("HLS") files this *Motion to Dismiss under Rule 12(b)(6).*

### I.  FRCP 12(B)(6) CHALLENGES TO WESTERN'S CLAIMS AGAINST HLS

Plaintiff Western Healthcare, LLC's ("Western") *Original Petition* [Doc. 1-3] broadly asserts four causes of action against "ALL DEFENDANTS" for negligence, alleged violations of the Texas Insurance Code (Chapters 541 and 542), and alleged violations of the Texas' Deceptive Trade Practices Act. HLS moves to dismiss all claims against it because Western has failed to state any claims against HLS upon which relief can be granted. *See* FED.R.CIV.PRO. 12(b)(6).

Western failed to include factual allegations that plausibly suggest a claim for relief against HLS in support of its claims, including Count III (alleged Texas Insurance Code Chapter 541 violations), Count IV (alleged Texas Insurance Code Chapter 542 violations), Count V (alleged Texas DTPA violations), and Count VI (negligence allegations).  [Doc 1-3 at ¶¶ 8-12]. Moreover, Western's conclusory allegations and formulaic recitation of alleged statutory violations does not state any claims upon which relief can be granted.  Thus, Westerns' claims should be dismissed with prejudice.

Furthermore, Western's claims in Count VII (exemplary damages) and Count VIII (attorney's fees) require Western to prevail on a claim for affirmative relief as a predicate to recovery.  These claims automatically fail since Western's claims against HLS are unsupported. Based upon the foregoing, a dismissal of all claims asserted against HLS is proper under FRCP 12(b)(6).

## II. PRAYER

HLS requests that the Court grant its *Motion to Dismiss under Rule 12(b)(6)*and dismiss Western's claims against it with prejudice, and for any other relief to which HLS may be entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/ Jason R. Jobe
      Jason R. Jobe
      State Bar No. 24043743
      jjobe@thompsoncoe.com
      Kai Hecker
      State Bar No. 24028463
      khecker@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
**COUNSEL FOR HEALTHCARE LIABILITY
SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

      This is to certify that on March 7, 2016, a true and correct copy of the foregoing was sent via ECF electronic service to the following counsel of record:

M. Ross Cunningham
Steven Sanfelippo
Rebecca Solomon
CUNNINGHAM SWAIM, LLP
7557 Rambler Road, Suite 440
Dallas, Texas 75231

Susan Kidwell
Taylor Brinkman
LOCKE LORD, LLP
600 Congress Street, Suite 2200
Austin, Texas 78701

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Phone 214.740.8000
Fax 214.740.8800

*/s/ Jason R. Jobe*
Jason R. Jobe