**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC** | § | |
|    Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NATIONAL FIRE AND MARINE** | § | NO. 3:16-CV-00565-L |
| **INSURANCE COMPANY;** | § | |
| **HEALTHCARE LIABILITY** | § | |
| **SOLUTIONS, INC; THE MEDICAL** | § | |
| **PROTECTIVE COMPANY;** | § | |
| **BERKSHIRE HATHAWAY INC.; RAJ** | § | |
| **MEHTA and THOMAS MEIERANT** | § | |
|    Defendants. | § | |

**PLAINTIFF WESTERN HEALTHCARE LLC'S MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... iii

    Summary of Motion ........................................................................................................... 1

    Factual Background .......................................................................................................... 1

    Legal Standard ................................................................................................................... 4

    Argument and Authorities ................................................................................................. 4

        A.   Western's state court petition lacks diversity on its face. ........................................ 5

        B.   HLS was properly joined as a party in Western's Petition. ...................................... 5

            i.   Improper joinder only arises when there is no possibility of recovery under Texas pleading standards. .................................................................... 5

            ii.   Removing Defendants cannot meet their burden to show that there is no possibility of recovery against HLS under Texas pleading standards.................................................................................................... 7

            iii.   The cases relied on by the Removing Defendants to support improper joinder are inapplicable because they apply the wrong pleading standard. ................................................................................................... 10

        C.   The Court should award Western its attorneys' fees associated with pursuing remand. ........................................................................................ 11

    Conclusion ...................................................................................................................... 11

CERTIFICATE OF SERVICE ................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*African Methodist Episcopal Church v. Lucien*
  756 F.3d 788 (5th Cir. 2014) .................................................................................................. 5

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ............................................................................................................. 10

*Barclay v. State Farm Lloyds*
  CIV.A. H-14-3649, 2015 WL 1408185 (S.D. Tex. March 26, 2015) ................................. 10

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ............................................................................................................. 10

*Bosky v. Kroger Texas, LP*
  288 F.3d 208 (5th Cir. 2002) ................................................................................................. 4

*Boyles v. Kerr*
  855 S.W.2d 593 (Tex. 1993) ............................................................................................. 7, 9

*Brankin v. Time Ins. Co.*
  4:08-CV-666-Y, 2009 WL 614818 (N.D. Tex. Mar. 10, 2009) ............................................ 9

*Druker v. Fortis Health*
  CIV.A. 5:06-CV-00052, 2007 WL 38322 (S.D. Tex. Jan. 4, 2007) .................................... 10

*Eastus v. Blue Bell Creameries, L.P.*
  97 F.3d 100 (5th Cir. 1996) ................................................................................................... 4

*Griggs v. State Farm Lloyds*
  181 F.3d 694 (5th Cir. 1999) ......................................................................................... 10, 11

*Guillory v. PPG Indus., Inc.*
  434 F.3d 303 (5th Cir. 2005) ................................................................................................. 6

*Horizon/CMS Healthcare Corp. v. Auld*
  34 S.W.3d 887 (Tex. 2000) .......................................................................................... 6, 8, 9

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*
  800 F.3d 143 (5th Cir. 2015) ........................................................................................... 6, 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*
  511 U.S. 375 (1994) ............................................................................................................... 4

*Martin v. Franklin Capital Corp.*
  546 U.S. 132 (2005) ............................................................................................................. 11

*May v. United Services Ass'n of Am.*
   844 S.W.2d 666 (Tex. 1992) .................................................................................. 9

*Richard v. Time Warner Cable Media, Inc.*
   960 F. Supp. 2d 659 (N.D. Tex. 2013) ................................................................ 11

*Scarlott v. Nissan N. Am., Inc.*
   771 F.3d 883 (5th Cir. 2014) ................................................................................. 4

*Smallwood v. Illinois Cent. R. Co.*
   385 F.3d 568 (5th Cir. 2004) ................................................................................. 5

*Texas Dept. of Parks & Wildlife v. Miranda*
   133 S.W.3d 217 (Tex. 2004) ................................................................................. 6

**Statutes**

28 U.S.C. § 1332(a) ...................................................................................................... 8

28 U.S.C. § 1447(c) .................................................................................................... 11

**Rules**

Texas Rule of Civil Procedure 45 ................................................................................. 6

Texas Rule of Civil Procedure 47 ............................................................................. 6, 9

**Codes**

Tex. Bus. & Com. Code § 17.46(b) .............................................................................. 8

Tex. Ins. Code § 541.051 .............................................................................................. 8

Tex. Ins. Code § 541.151 .............................................................................................. 8

Plaintiff Western Healthcare, LLC ("Western") files this Motion to Remand and would respectfully show the Court as follows:

## Summary of Motion

Western, a Texas physician staffing service, hired Healthcare Liability Solutions, Inc. ("HLS"), a Texas company, to assist it in finding appropriate malpractice insurance. Western provided HLS with its specific insurance needs. When HLS came back with an insurance policy proposal from National Fire and Marine Insurance Company, HLS represented that the policy and insurance company met those needs. It did not. But, in reliance on those representations, Western accepted the proposal and obtained the policy. The misrepresentations about the policy perpetuated by HLS led to Western incurring substantial damages in connection with a malpractice lawsuit. Despite HLS's clear involvement, the other Defendants have argued it is not properly joined in this case and, therefore, diversity of citizenship exists justifying removal. This assertion is incorrect. Western's Petition asserts valid claims for which there is no diversity of citizenship; accordingly, this Court lacks jurisdiction and this cause must be remanded.

## Factual Background

This lawsuit involves a series of claims brought by Western against its insurance broker, insurance companies, insurance claims handler and their employees for damages incurred by Western that should have been either entirely avoided but for Defendants' wrongful conduct in representing and selecting the policies at issue and in administering claims brought thereunder.

As part of its business, Western is required to provide insurance coverage for the physicians with whom it contracts to perform services at its clients' healthcare facilities. Ex. A, Pl.'s Original Petition, at ¶ 11. Western retained HLS to assist it in selecting insurance for its business that met its specific needs. *Id*. Western provided HLS with the specific insurance

requirements it needed to fulfill. *Id.* Having been provided with Western's insurance requirements, HLS submitted a proposal to Western purporting to meet Western's insurance needs. *Id.* The proposal identified Defendant National Fire and Marine ("NFM") as the insurer, and proposed a specific policy as meeting Western's insurance needs. *Id.* In reliance upon HLS's representations as to the quality of NFM and that the specific coverage met Western's requirements, Western accepted HLS's proposal and obtained an insurance policy from NFM. *Id.* Western paid NFM substantial premiums, a portion of which, on information and belief, were paid to HLS. *Id.*

Contrary to HLS's representations, the insurance coverage Western purchased based upon HLS's representations was inadequate.  In October 2012, Western and one of its physicians were sued in state court in St. Clair County, Illinois.  Ex. A at ¶ 12. The claim was reported to Raj Mehta, and employee of Berkshire Hathaway Inc. ("Berkshire") and an agent for NFM. *Id.* The malpractice lawsuit fell squarely within the policy NFM provided to Western and it accepted tender of the defense without reservation. *Id.* Mehta selected counsel for Western and assigned the claims handling responsibilities to The Medical Protective Company ("MedPro"), who in turn assigned responsibility over the case to its employee, Thomas Meierant. *Id.*

In the course of this litigation, Western was asked to provide a copy of its insurance policy and to state the amount of coverage available to resolve the claims against Western and its physician. Ex. A at ¶ 13. Western's attorneys in that lawsuit requested the information from Meierant. Western was not provided with a copy of the full policy, but was told that full policy limits were available to settle the claims. *Id.* Believing that HLS had recommended a policy that met its requirements, Western's counsel responded that the full amount of the policy limits were available. *Id.* This, however, turned out to be incorrect because, unbeknownst to Western, the

policy was an "eroding limits" policy, and the limits had already eroded at the time that Western answered the discovery requests regarding the availability of insurance proceeds. *Id.* at ¶ 14.

Based upon Western's counsel's representations, Western was eventually dismissed from the lawsuit. Ex. A at ¶ 13. During a mediation in August 2015, however, it came to light that the policy was an eroding limits policy and had already been substantially eroded. *Id.* at ¶ 15. The plaintiff filed a motion for sanctions against Western claiming that the discovery responses were knowingly false and that the voluntary dismissal of Western was therefore procured by fraud. *Id.* The attorneys retained by NFM to defend Western appeared at the hearing and, without Western's knowledge or consent, agreed that Western should be brought back into the lawsuit to allow the court to adjudicate the sanctions motion against it and agreed to waive notice and accept service on Western's behalf. *Id.* at ¶ 16. After doing so, NFM's chosen counsel claimed a conflict existed and they could no longer represent Western with respect to the sanctions issue. *Id.* at ¶ 17. Western asked NFM to appoint new counsel under the NFM policy, but NFM refused. *Id.* Thus, neither the insurance coverage, nor the insurer providing it, were of the quality and content represented by HLS. *Id.* at ¶¶ 11-17.

On January 11, 2016 Western filed suit against HLS and several other defendants in Texas state court. As to HLS, Western alleged claims for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and negligence. Ex. A at ¶ 34-52. On February 29, 2016, NFM and Defendants The Medical Protective Company, Berkshire Hathaway Inc. and Thomas Meireant (collectively "Removing Defendants") filed a notice of removal, claiming diversity jurisdiction existed because the only non-diverse defendant, HLS, was improperly joined. Notice of Removal, Dkt. 1 at 3. As explained below, however, HLS was not

improperly joined, and this case should therefore be remanded. Western is also entitled to its fees for having to bring this action.

### Legal Standard

The federal courts are courts of limited jurisdiction; they have authority to adjudicate only those cases that satisfy either the requirements of subject matter jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332(a). *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). This principle is no less applicable when the court's jurisdiction has been invoked through the removal process under 28 U.S.C. § 1446. Indeed, there is a "long-standing canon of statutory interpretation that 'removal statutes are to be construed strictly against removal and for remand.'" *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)). "Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).

### Argument and Authorities

Defendants National Fire and Marine Insurance Company, The Medical Protective Company, Berkshire Hathaway Inc. and Thomas Meireant (collectively "Removing Defendants") filed a notice of removal of Western's Texas state court petition, which asserts common law and statutory claims arising solely out of Texas law. The only alleged basis for jurisdiction is diversity. Notice of Removal, Dkt. 1 at 3. Diversity, however, is lacking because Western brought valid claims against a Texas corporation, HLS; accordingly, this cause must be remanded back to Texas state court.

### A. Western's state court petition lacks diversity on its face.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires a showing that there is complete diversity of citizenship between the plaintiff and defendants and that the amount in controversy exceeds $75,000. Western does not contest that the amount in controversy exceeds $75,000. It is clear, however, from the face of its Petition that diversity is lacking because Western and Defendant HLS are both citizens of the State of Texas. Ex. A at ¶¶ 2, 4. Removing Defendants agree that HLS is a citizen of Texas. Notice of Removal, Dkt. 1 at 6. Accordingly, because the Plaintiff and one of the Defendants are Texas residents, there is no diversity and this case should be remanded to the state court where it was originally filed.

### B. HLS was properly joined as a party in Western's Petition.

In order to avoid the clear and obvious consequences of the lack of diversity resulting from Defendant HLS's inclusion as a party, the Removing Defendants argue that HLS was improperly or "fraudulently" joined to avoid diversity. Notice of Removal, Dkt. 1 at 5-8. A party seeking to remove on the basis of improper joinder bears a "heavy" burden and any contested issues of fact or ambiguities in state law *must* be resolved in favor of the plaintiff. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). If a defendant removes solely on the basis of fraudulent joinder and cannot meet this burden, then remand is mandatory. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004). Here, the Removing Defendants cannot meet this burden.

      **i.**    **Improper joinder only arises when there is no possibility of recovery under Texas pleading standards.**

Fraudulent joinder may be proved by either demonstrating fraud in the pleadings or that, under a Rule 12(b)(6)-like analysis, the plaintiff failed to state a claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Removing

Defendants do not allege fraud in the pleadings, only that Western has failed to state a claim against HLS. Notice of Removal, Dkt. 1 at 6. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (emphasis added). The court need not "determine whether plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

Although improper joinder analysis has been likened to the Rule 12(b)(6) analysis, this characterization comes with a critical caveat. Improper joinder is determined not under the federal pleading standards, but under the state court pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015). Texas pleading standards are less onerous than those set forth by the federal courts. Texas courts follow a "fair notice" standard, which looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Texas Rule of Civil Procedure 45 simply requires that a petition "consist of a statement in plain and concise language of the plaintiff's cause of action….That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole." Likewise, Texas Rule of Civil Procedure 47, which sets forth the required elements of a claim for relief does not require that the plaintiff present any evidence or specific facts on which it bases its claim. *See also Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). Moreover, under Texas pleading standards, "the petition should be construed

liberally in favor of the pleader…A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (internal citations omitted).

> ii. **Removing Defendants cannot meet their burden to show that there is no possibility of recovery against HLS under Texas pleading standards.**

Western's allegations against HLS in its Original Petition are more than sufficient to withstand the Removing Defendants' allegations of improper joinder under the Texas pleading standard.[1] Specifically, Western alleged that it had hired HLS to assist it in obtaining insurance for its physician staffing service business. Ex. A at ¶¶ 10-11. Western provided HLS with its specific requirements and HLS submitted a proposal to Western selecting NFM to provide insurance, which purported to meet such needs. *Id*. Relying on HLS's representations that the provider and policy selected met the quality and coverage needs it provided to HLS, Western accepted the proposal and obtained insurance from NFM. *Id*. The quality and coverage of the insurance, however, was not as HLS purported and in fact, unbeknownst to Western, was an "eroding limits" policy. *Id*. at ¶ 14. As is obvious from the entirety of Western's Petition, Western's claim is based upon the fact that an "eroding limits" policy did not meet the insurance requirements provided to HLS and as such HLS's representations that the selected insurance plan and provider met its needs was false or misleading. Moreover, it is also clear that, had the insurance proposal prepared by HLS *actually* met Western's needs as opposed to *purported* to meet such needs, Western would have avoided the injuries caused by HLS, Mr. Mehta and the

---

[1] HLS has filed a Motion to Dismiss Pursuant to FRCP 12(B)(6) which addresses Western's allegations under the federal pleading standards. As set forth in Western's contemporaneously filed Response to that Motion, Western's allegations against HLS meet the higher, federal standards as well.

Removing Defendants. These facts provide enough background under the Texas pleading requirements to support Western's claims for violations under the Texas Insurance Code, violations of the DTPA and negligence.[2]

Specifically, as set forth in the petition, the facts support Western's claims that HLS made "statements misrepresenting the terms of the Policies, [and] the benefits and advantages of the Policies" by (1) "making an untrue statement of material fact"—stating to Western that the Policies met the specifically identified insurance needs; (2) "failing to state a material fact necessary to make other statements made not misleading"—failing to disclose that the policy selected was an "eroding limits" policy; and (3) "making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact"—implying to Western that the policy and provided selected met its specifically identified needs. *See* Ex. A at ¶ 36(a), (b)(i)-(iii); Tex. Ins. Code § 541.051; Tex. Ins. Code § 541.151. The pleaded facts that HLS failed to disclose that the proposed policy did not meet Western's needs likewise support Western's DTPA allegations that HLS at the very least: (1) represented "that services have…characteristics…benefits, or qualities that they do not have…;" (2) represented "that an agreement confers or involves rights, remedies, or obligations that it does not…;" (3) failed "to disclose information about services that was known at the time…to induce [Western] to enter into a transaction that [it] would not have entered into if the information had been disclosed;" (4) "took advantage of [Western's] lack of knowledge…to a grossly unfair degree;" and (5) violated the Texas Insurance Code. *See* Ex. A at ¶ 47(b)-(f); Tex. Bus. & Com. Code § 17.46(b). Accordingly, HLS was provided with sufficient notice of the issues and controversy related to its violations of the Texas Insurance Code and DTPA. *Auld*, 34 S.W.3d at 896.

---

[2] Although Western's petition properly alleges four claims against HLS, only one viable claim is necessary to support jurisdiction. 28 U.S.C. § 1332(a).

The pleaded facts also clearly establish a cause of action in negligence against HLS. The Petition states that Western sought out HLS's services to seek out and identify an insurance policy that met its specific needs. Texas law recognizes that insurance brokers owe duties to their clients, including to use reasonable diligence to attempt to procure insurance that meets requested needs and to inform the client if it is unable to do so. *See Brankin v. Time Ins. Co.*, 4:08-CV-666-Y, 2009 WL 614818, at *2 (N.D. Tex. Mar. 10, 2009) (quoting *May v. United Services Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992) (granting motion to remand where insurance broker misrepresented coverage for identified pre-existing condition). Here, Western alleges that HLS breached its duties in "selecting the insurance program despite knowing Western's particular needs" and in "selecting the insurer and program administrator." Ex. A at ¶ 51(a)(b). The Petition therefore provided sufficient notice of the issues underlying HLS's negligence: that it breached it duty of care to Western and that Western's damages were a proximate result of that breach. *Auld*, 34 S.W.3d at 896.

Although the Removing Defendants complain that "Western does not allege any facts regarding the 'reasonable diligence'" that is irrelevant under the Texas pleading standard because the Texas Rules do not require the pleading of any specific facts. (Notice of Removal at ¶ 22); *see* Tex. R. Civ. P. 47; *Auld*, 34 S.W.3d at 896; *Boyles*, 855 S.W.2d at 601. Likewise, their assertion that Western does not allege facts to connect HLS's conduct to the damages it suffered in the handling of the Illinois lawsuit is not dispositive; moreover, it is incorrect. *Id.* at ¶ 21. Not only does the Petition specifically allege that HLS's conduct proximately caused its injuries with respect to all causes of action asserted, but the facts laid out lead to the same conclusion: but-for HLS's misrepresentation of the policy as meeting Western's needs Western would not have agreed to accept policy; and even if it would have—which is not alleged and is denied—the

pleaded facts demonstrate that had HLS not misrepresented the terms and properly complied with its duties to inform Western of its inability to obtain insurance that met all of its needs, Western would have been able to properly respond to the discovery request regarding insurance coverage that led to the fiasco in the first place. *See* Ex. A at ¶¶ 11, 13-15, 18, 39, 44, 48 and 52.

> iii. **The cases relied on by the Removing Defendants to support improper joinder are inapplicable because they apply the wrong pleading standard.**

The cases cited by the Removing Defendants in support of removal under the improper joinder doctrine are inapplicable because they rely on federal and not state court pleading requirements. First, the *Barclay v. State Farm Lloyds* case was decided under the wrong pleading standard. CIV.A. H-14-3649, 2015 WL 1408185, at *2 (S.D. Tex. Mar. 26, 2015). Without the benefit of the *Int'l Energy Ventures* opinion from the Fifth Circuit, which would be released five months later, the district court analyzed the state court pleading under the *Twombly* and *Iqbal* federal pleading standards and Federal Rule of Civil Procedure 9 instead of the Texas "notice pleading" standard. *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Int'l Energy Ventures Mgmt.*, 800 F.3d at 149. As such, the *Barclay* opinion offers no guidance and carries no weight here. Likewise, the *Druker* case was decided on federal pleading requirements and expressly rejected the plaintiff's plea to consider remand under the Texas notice pleading requirements. *Druker v. Fortis Health*, CIV.A. 5:06-CV-00052, 2007 WL 38322, at *3 (S.D. Tex. Jan. 4, 2007).

Finally, although the *Griggs* opinion did not explicitly reject the application of Texas notice pleading, it held that where there were virtually no specific allegations against the non-diverse defendant, removal was proper. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Once presented with additional facts by way of affidavit, the court found that removal was still proper because the additional facts merely stated that the agent made claims that she

would handle the claims professionally and would monitor the claim. *Id.* Here, Western's claims and factual allegations regarding HLS's conduct, although certainly implicating their professionalism, refer to specific misrepresentations and failures to obtain a policy that met the specific needs that Western had provided them, not the sort of puffery found non-actionable by the *Griggs* court. Ex. A at ¶¶ 11, 14. Western has stated sufficient facts to give Defendants' notice of the claims against HLS and the issues involved.

### C. The Court should award Western its attorneys' fees associated with pursuing remand.

28 U.S.C. § 1447(c) authorizes the court to "require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." Attorneys' fees should be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Defendants' removal was not objectively reasonable as evidenced by the fact that Defendants' applied the wrong pleading standard and superseded case law in arguing that Western had failed to state a claim and ignored the facts in the Petition that clearly established HLS's wrongdoing and connection to Western's injuries. Accordingly, Western requests that in ordering remand, that the Court authorize Western to seek all attorneys' fees and costs incurred as a result of Defendants' unreasonable removal.[3] *See Richard v. Time Warner Cable Media, Inc.*, 960 F. Supp. 2d 659, 664 (N.D. Tex. 2013).

### Conclusion

For all the reasons stated above, the Removing Defendants have failed to meet their high burden to show that HLS was improperly joined to defeat diversity jurisdiction. Western's

---

[3] As Western anticipates that additional fees will be incurred in replying to any response filed by the Removing Defendants, Western will provide a complete request for fees at such time as the briefing of this issue is closed.

petition sets forth sufficient facts under the Texas notice pleading standard to state a claim against HLS, and as such, complete diversity is lacking and the Court must remand this case back to Texas state court. Western requests that the Court remand this cause and award it any other relief to which it is entitled in law or equity.

    Respectfully submitted,

*/s/ Ross Cunningham*
ROSS CUNNINGHAM
State Bar No. 24007062
STEVEN SANFELIPPO
State Bar No. 24027827
REBECCA L. SOLOMON
State Bar No. 24083892
**CUNNINGHAM SWAIM, LLP**
7557 Rambler Road, Suite 440
Dallas, Texas 75231
Phone:  214-646-1495
Facsimile: 214-613-1163
rcunningham@cunninghamswaim.com
ssanfelippo@cunninghamswaim.com
rsolomon@cunninghamswaim.com

**ATTORNEYS FOR PLAINTIFF WESTERN HEALTHCARE LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of March, 2016, all counsel of record are being served with a copy of this document through the Courts CM/ECF system.

*/s/ Ross Cunningham*
Ross Cunningham