IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESTERN HEALTHCARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 3:16-CV-00565-L |
| | § | |
| NATIONAL FIRE AND MARINE | § | |
| INSURANCE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT RAJ MEHTA'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION OR, ALTERNATIVELY,
FOR FAILURE TO STATE A CLAIM**

---

Susan A. Kidwell
LOCKE LORD LLP
600 Congress Street, Suite 2200
Austin, Texas 78701
T: (512) 305-4766
F: (512) 391-4766
skidwell@lockelord.com

Taylor F. Brinkman
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8442
F: (214) 756-8332
tbrinkman@lockelord.com

**ATTORNEYS FOR DEFENDANT
RAJ MEHTA**

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................ 3

Overview of Grounds For Dismissal ..................................................................... 6

Motion To Dismiss For Lack of Personal Jurisdiction ......................................... 7

A.     Applicable Legal Standard. ........................................................................ 7

B.     Plaintiff Has Not Alleged Sufficient Facts To Bring Defendant Mehta
Within The Reach of The Texas Long-Arm Statute. .................................. 8

C.     The Court Lacks General Jurisdiction Over Defendant Mehta. ................. 9

D.     The Court Lacks Specific Jurisdiction Over Defendant Mehta. ............. 11

     1.     The "Purposeful Availment" Requirement Is Not Met. .............. 11

     2.     The "Substantial Connection" Requirement Is Not Met. ............. 13

E.     Exercising Personal Jurisdiction Over Defendant Mehta Would Offend
Traditional Notions of Fair Play And Substantial Justice. ...................... 13

Motion To Dismiss For Failure To State A Claim ............................................... 14

A.     Legal Standard. ........................................................................................ 14

B.     Plaintiff Has Failed To State A Claim Against Defendant Mehta. ......... 15

     1.     There Are No Factual Allegations To Support A Claim Against
Defendant Mehta. ....................................................................... 15

     2.     Plaintiff Has Not Stated An Insurance Code Claim Against
Defendant Mehta. ....................................................................... 16

     3.     Defendant Has Not Stated A DTPA Claim Against Defendant
Mehta. ........................................................................................ 18

     4.     Defendant Has Not Stated A Negligence Claim Against Defendant
Mehta. ........................................................................................ 19

Prayer .................................................................................................................. 19

Certificate of Service........................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

CASES

*Am. Type Culture Collection, Inc. v. Coleman,*
    83 S.W.3d 801 (Tex. 2002) ............................................................................. 7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ....................................................................... 14, 15, 16, 17

*Ayoub v. Baggett,*
    820 F. Supp. 298 (S.D. Tex. 1993) ............................................................... 18

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................. 14, 19

*Broadway v. Brewer,*
    No. 4:08-CV-475, 2009 WL 1445449 (E.D. Tex. May 21, 2009) ............... 15

*CSR Ltd. v. Link,*
    925 S.W.2d 591 (Tex. 1996) ........................................................................... 9

*Goodyear Dunlop Tires Ops., S.A. v. Brown,*
    131 S.Ct. 2846 (2011) ..................................................................................... 9

*Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.,*
    815 S.W.2d 223 (Tex. 1991) ........................................................................... 7

*Hanson v. Denckla,*
    357 U.S. 235 (1958) ........................................................................................ 7

*Holmes v. Acceptance Casualty Insurance Co.,*
    942 F. Supp. 2d 637 (E.D. Tex. 2013) ........................................................ 15

*Hornbuckle v. State Farm Lloyds,*
    385 F.3d 538 (5th Cir. 2004) .................................................................. 17, 18

*Internet Advertising Group, Inc. v. Accudata, Inc.,*
    301 S.W.3d 383 (Tex. App.—Dallas 2009, no pet.) .................................... 14

*Kelly v. Gen. Interior Constr., Inc.,*
    301 S.W.3d 653 (Tex. 2010) ...................................................................... 8, 9

*McFadin v. Gerber,*
    587 F.3d 753 (5th Cir. 2009) .......................................................................... 7

*Michiana Easy Livin' Country, Inc. v. Holten,*
    168 S.W.3d 777 (Tex. 2005) ........................................................................... 7

*Moki Mac River Expeditions v. Drugg*,
    221 S.W.3d 569 (Tex. 2007)............................................................... 8, 9, 11, 13

*Moki Mac River Expeditions v. Drugg*,
    270 S.W.3d 799 (Tex. App.—Dallas 2008, no pet.).................................. 10, 14

*Moncrief Oil Int'l v. Oao Gazprom*,
    414 S.W.3d 142 (Tex. 2013) ...................................................................... 12

*Perkins v. Benguet Consolidated Mining Co.*,
    342 U.S. 437 (1952) ................................................................................. 9, 10

*Pervasive Software, Inc. v. Lexware GMBH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012)......................................................................... 10

*PHC-Minden, L.P. v. Kimberly-Clark Corp.*,
    235 S.W.3d 163 (Tex. 2007)................................................................. 8, 9, 10

*Retamco Operating, Inc. v. Republic Drilling Co.*,
    278 S.W.3d 333 (Tex. 2009) ................................................................. 12, 13

*Richardson v. Axion Logistics, L.L.C.*,
    780 F.3d 304 (5th Cir. 2015)......................................................................... 14

*Sourcing Mgmt., Inc. v. Simclar, Inc.*,
    118 F. Supp. 3d 899 (N.D. Tex. 2015).......................................................... 14

*TAJ Props., LLC v. Zurich Am. Ins. Co.*,
    No. H-10-2512, 2010 WL 4923473 (S.D. Tex. Nov. 29, 2010) .................... 15

*Tex. Opportunity Fund L.P. v. Hammerman & Gainer Int'l, Inc.*,
    107 F. Supp. 3d 620 (N.D. Tex. 2015).......................................................... 7

*Webb v. UnumProvident Corp.*,
    507 F. Supp. 2d 668 (W.D. Tex. 2005)........................................................ 17

*Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*,
    No. 4:09-CV-165-A, 2009 WL 1437837 (N.D. Tex. May 22, 2009) ........... 15

**OTHER AUTHORITIES**

FED. R. CIV. P. 12(b)(2) ................................................................................. 6, 14

FED. R. CIV. P. 12(b)(6) ..................................................................... 6, 15, 18, 19

16 MOORE'S FEDERAL PRACTICE § 108.41[3] .................................................. 10

Charles W. "Rocky" Rhodes, *Clarifying General Jurisdiction*, 34 SETON HALL L.
    REV. 807 (2004) ........................................................................................ 9

Mary Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. 610 (1988) .......... 10

TO THE HONORABLE JUDGE LINDSAY:

Defendant Raj Mehta files this motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  Alternatively, and without waiving his challenge to personal jurisdiction, Defendant Mehta moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendant respectfully shows the Court as follows:

## <u>OVERVIEW OF GROUNDS FOR DISMISSAL</u>

<u>No personal jurisdiction</u>:  Defendant Mehta is a resident of Connecticut.  Because he lacks sufficient minimum contacts with the State of Texas, the Texas long-arm statute does not permit this Court to exercise of personal jurisdiction over him.  Defendant Mehta has not had continuous and systematic minimum contacts with Texas, as would be required for the exercise of general jurisdiction.  And Plaintiff's claims do not arise from and are not sufficiently related to any purposeful activities conducted by Defendant Mehta in Texas, as is required for the exercise of specific jurisdiction.  Absent sufficient minimum contacts with Texas, the exercise of personal jurisdiction over Defendant Mehta would offend traditional notions of fair play and substantial justice.  Accordingly, Defendant Mehta requests that this Court dismiss Plaintiff's claims against him for lack of personal jurisdiction.  *See* FED. R. CIV. P. 12(b)(2).

<u>Failure to state a claim</u>:  In the unlikely event that the Court concludes that Defendant Mehta is subject to personal jurisdiction in Texas, the claims against him must still be dismissed, because the factual allegations in the complaint are patently insufficient to state a claim for relief against Defendant Mehta that is plausible on its face.  Accordingly, if the claims against him are not dismissed for lack of personal jurisdiction, they should be dismissed under Rule 12(b)(6).

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.    Applicable legal standard.

"Federal Rule 12(b)(2) provides for the dismissal of a complaint when the court lacks personal jurisdiction over a defendant in the case." *Tex. Opportunity Fund L.P. v. Hammerman & Gainer Int'l, Inc.*, 107 F. Supp. 3d 620, 627 (N.D. Tex. 2015).  "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment."  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *quoted in Tex. Opportunity Fund*, 107 F. Supp. 3d at 627.  Because the Texas long-arm statute reaches "'as far as the federal constitutional requirements for due process will allow,' . . . the statute's requirements are satisfied if exercising jurisdiction comports with federal due process limitations."  *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)).  "[T]he relevant inquiry is whether the exercise of personal jurisdiction over a non-resident defendant offends due process." *Tex. Opportunity Fund*, 107 F. Supp. 3d at 627.

"For half a century, the touchstone of jurisdictional due process has been 'purposeful availment.'" *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005).  Consequently, "it is essential in each case that there be some act by which the *defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (emphasis in original)).  The exercise of personal jurisdiction is consistent with federal due-process guarantees only if (i) the

defendant has established minimum contacts with the forum state and (ii) the exercise of

jurisdiction comports with traditional notions of fair play and substantial justice. *PHC-*

*Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). Minimum

contacts, if established, may give rise to either general or specific jurisdiction. *Moki Mac*

*River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007).

The Texas Supreme Court has "consistently held that the plaintiff bears the initial

burden to plead sufficient allegations to bring the nonresident defendant within the reach of

Texas's long-arm statute." *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex.

2010). "[T]he defendant's corresponding burden to negate jurisdiction is tied to the

allegations in the plaintiff's pleading." *Id.* Accordingly, the analysis begins with the

jurisdictional allegations in Plaintiff's complaint.

**B.** **Plaintiff has not alleged sufficient facts to bring Defendant Mehta within the reach of the Texas long-arm statute.**

Plaintiff asserts that "[t]he court has personal jurisdiction over all Defendants

because, at a minimum, all Defendants have established minimum contacts with the State

of Texas." (*See* ECF Doc. 1, Ex. A-2 [Orig. Pet.], ¶ 9.) But conclusory assertions are

insufficient to satisfy Plaintiff's initial burden to allege sufficient facts to bring Defendant

Mehta within the provisions of the long-arm statute. *See Kelly*, 301 S.W.3d at 658.

When, as here, "the plaintiff fails to plead facts bringing the defendant within reach

of the long-arm statute (*i.e.*, for a tort claim, that the defendant committed tortious acts in

Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction."

*Kelly*, 301 S.W.3d at 658-59. Defendant Mehta, a resident of Connecticut, has met that

burden. (*See* Ex. 1, Declaration of Raj Mehta, which is attached hereto and incorporated

by reference herein.)  The jurisdictional analysis can and should end here.  *See Kelly*, 301 S.W.3d at 658.

**C.      The Court lacks general jurisdiction over Defendant Mehta.**

General jurisdiction exists when "the defendant has made continuous and systematic contacts with the forum."  *Moki Mac*, 221 S.W.3d at 575.  But general jurisdiction turns on more than the sheer number of contacts amassed over time.  It "requires a showing that the defendant conducted *substantial* activities *within* the forum . . . ."  *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996) (emphasis added).  To be subject to general jurisdiction, a defendant must engage in "'activities in the forum state similar in frequency and nature to the activities of local businesses.'"  *PHC-Minden*, 235 S.W.3d at 168 (quoting Charles W. "Rocky" Rhodes, *Clarifying General Jurisdiction*, 34 SETON HALL L. REV. 807, 811 (2004)).  In other words, general jurisdiction requires a defendant's operations *within the state* to be so continuous and substantial as to render the defendant essentially "at home" in the state.  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S.Ct. 2846, 2853 & 2857 (2011).

Given this demanding standard, it is not surprising that general jurisdiction is exceedingly rare.  The United States Supreme Court has upheld the exercise of general jurisdiction in only one case – *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952).  *Perkins* thus provides a benchmark by which to measure the contacts required for general jurisdiction:

> In assessing whether the nonresident defendant's Ohio contacts were sufficient to warrant a finding of general jurisdiction, the Court noted that the company's president . . . maintained an Ohio office in which he "did many things on behalf of the company."  He maintained company files in Ohio, carried on correspondence from there, drew and distributed salary checks from his Ohio office, used two Ohio bank accounts for company

> funds and had an Ohio bank act as transfer agent for the company's stock, held directors' meetings in Ohio, supervised policies dealing with the rehabilitation of the corporation's properties in the Philippines [in Ohio], and dispatched funds from Ohio bank accounts to cover purchases of machinery for such rehabilitation.

*PHC-Minden*, 235 S.W.3d at 168; *see also Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 230-31 (5th Cir. 2012) (using *Perkins* as a benchmark to determine whether a defendant is sufficiently "at home" in a forum state as required to support general jurisdiction).   In short, the defendant "carried on in Ohio a continuous and systematic supervision of the necessarily limited wartime activities of the company." *Perkins*, 342 U.S. at 448.

After discussing *Perkins*, the Texas Supreme Court acknowledged that "'general jurisdiction 'typically requires the defendant to have an office in the forum state.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting 16 MOORE'S FEDERAL PRACTICE § 108.41[3]); *see also Moki Mac River Expeditions v. Drugg*, 270 S.W.3d 799, 803 (Tex. App.—Dallas 2008, no pet.) (characterizing the maintenance of a Texas as "the deciding factor in *Perkins*").   Other "'traditional indicia' of general jurisdiction are 'a home base, an agent for the service of process, a local office, or the pursuance of business from a *tangible* locale within the state.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting Mary Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. 610, 635 (1988)).   Those types of contacts show that a defendant is "at home" in Texas, as required for general jurisdiction.

Defendant Mehta has not had the types of continuous and systematic contacts with Texas that would subject him to general jurisdiction:

- He does not own or lease and has never owned or leased any real property in Texas (Ex. 1, ¶ 3);

- He does not maintain and has never maintained an office in Texas (*id*., ¶ 4);

- He does not have and has never had any employees or agents working in Texas (*id.*, ¶ 5);

- He does not have and has never had a telephone listing in Texas (*id.*, ¶ 6);

- He does not enter into and has never entered into contracts with Texas residents (*id.*, ¶ 7);

- He does not and has never advertised in Texas (*id.*, ¶ 8);

- He does not design, manufacture, ship, sell, or market any products in Texas, and has never designed, manufactured, shipped, sold or marketed any products in Texas (*id.*, ¶¶ 9-13);

- He does not have and has never had any bank accounts in Texas (*id.*, ¶ 14);

- He does not pay and has never paid any taxes in Texas (*id.*, ¶ 15); and

- He does not have and has never had a registered agent for service of process in Texas (*id.*, ¶ 16).

Because Defendant Mehta does not have the quantity or quality of contacts that would make him "at home" in Texas, he is not subject to general jurisdiction in this State.

**D.      The Court lacks specific jurisdiction over Defendant Mehta.**

Specific jurisdiction exists when: (i) the defendant has made minimum contacts by purposefully availing itself of the privilege of conducting activities in the forum state, and (ii) those contacts bear a "substantial connection" to the operative facts of the litigation. *Moki Mac*, 221 S.W.3d at 584-85.

**1.      *The "purposeful availment" requirement is not met.***

In determining whether a nonresident defendant has purposefully availed itself of the privilege of doing business in the state, Texas courts consider the following three factors:

First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or person. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. Thus, sellers who reach our beyond one state and create continuing

relationships and obligations with citizens of another state are subject to the jurisdiction of the latter in suits based on their activities. Finally, the defendant must seek some benefit, advantage or profit by availing itself of the jurisdiction.

*Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338-39 (Tex. 2009), *quoted in Moncrief Oil Int'l v. Oao Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013). The "purposeful availment" analysis focuses on the "quality and nature of the contacts, not the quantity." *Moncrief*, 414 S.W.3d at 151.

Plaintiff's complaint alleges that *Western* reported a claim to Defendant Mehta. (ECF Doc. 1, Ex. A-2, ¶ 12.) That is incorrect. Western actually reported the claim to the Program Administrator, Rockbridge Underwriting Agency Limited. (Ex. 1, ¶ 20.) Regardless, because purposeful availment turns on the *defendant's* contacts with the forum, an out-of-state defendant does not purposefully avail itself of a forum by merely answering a telephone call initiated by a forum resident. *See Moncrief*, 414 S.W.3d at 152. The only other allegations about Defendant Mehta are that he selected counsel to defend Western in the *Illinois* lawsuit (ECF Doc. 1, Ex. A-2, ¶ 13) and that he, acting on behalf of NFM, refused to appoint new counsel to defend Western in a post-dismissal sanctions proceeding *in Illinois* (*id*., ¶¶ 17, 19). The first allegation is incorrect (*see* Ex. 1, ¶ 21), but even if it were true, neither it nor any of the other allegations in the complaint establish that Defendant Mehta was purposefully availing himself of the privilege of doing business *in Texas*. Nor has Defendant Mehta engaged in the type of conduct that would satisfy the purposeful availment prong. (*See* Ex. 1, ¶¶ 3-16.) Absent purposeful availment, Defendant Mehta cannot be subject to specific jurisdiction in Texas. The specific jurisdiction analysis can and should stop here.

2.    *The "substantial connection" requirement is not met.*

Even if the Court were to conclude that Plaintiff's factual allegations are sufficient to satisfy the first prong (which they are not), "purposeful availment alone will not support an exercise of specific jurisdiction . . . unless the defendant's liability arises from or relates to the forum contacts." *Moki Mac*, 221 S.W.3d at 579.   Because there must be a "substantial connection between [the defendant's forum] contacts and the operative facts of the litigation," *id*. at 585, a court "must consider the claims involved in the litigation to determine the operative facts." *Retamco*, 278 S.W.3d at 340.

Plaintiff purports to assert three claims against "All Defendants."[1]   But the operative facts alleged in support of those claims involve representations made during the course of defending a medical malpractice lawsuit *in Illinois*.   There are no allegations to connect Defendant Mehta with those operative facts, and Defendant Mehta never met with anyone in Texas regarding the defense of that lawsuit or any other events that gave rise to Plaintiff's claims.   (Ex. 1, ¶ 18.)   Under these circumstances, there is *no* connection between any purposeful contacts that Defendant Mehta had with Texas and any operative facts that occurred in Texas.   Accordingly, Defendant Mehta is not subject to specific jurisdiction in Texas. *See Moki Mac*, 221 S.W.3d at 579.

**E.    Exercising personal jurisdiction over Defendant Mehta would offend traditional notions of fair play and substantial justice.**

Absent minimum contacts, the Court need not consider whether the exercise of personal jurisdiction would comport with traditional notions of fair play and substantial

---

[1] There are no claims specifically asserted against Defendant Mehta.   Moreover, as demonstrated below, the factual allegations relating to Defendant Mehta are insufficient to state a claim on which relief could be granted.

justice.  *See Internet Advertising Group, Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 392-93 (Tex. App.—Dallas 2009, no pet.).  When, as here, there are insufficient contacts with Texas to support jurisdiction, exercising jurisdiction "does not comport with traditional notions of fair play and substantial justice."  *See Moki Mac*, 270 S.W.3d at 804.

In light of firmly established case law and Plaintiff's wholly deficient allegations against Defendant Mehta, the Texas long-arm statute does not permit this Court to exercise personal jurisdiction over Defendant Mehta.  The exercise of personal jurisdiction would also violate the United States Constitution and offend traditional notions of fair play and substantial justice.  Accordingly, Plaintiff's claims against Defendant Mehta should be dismissed for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.    Legal standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "[W]hile the complaint need not articulate 'detailed factual allegations,' it must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). As this Court has observed, "a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions."  *Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 913 (N.D. Tex.

2015).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 12(b)(6)).

**B.**     **Plaintiff has failed to state a claim against Defendant Mehta.**

>    **1.**     ***There are no factual allegations to support a claim against Defendant Mehta.***

Plaintiff's complaint does not contain any claims that are specifically asserted against Defendant Mehta.  (ECF Doc. 1, Ex. A-2, ¶¶ 21-52.)  In fact, the "Causes of Action" section never mentions his name.  (*Id.*)  Instead, Plaintiff asserts two claims against NFM and three claims against "All Defendants."  But Plaintiff simply recites the elements of claims for negligence, violation of the Texas Insurance Code, and violation of the Deceptive Trade Practices – Consumer Protection Act ("DTPA").  (*Id.*)  That is insufficient.  Conclusory allegations *against "All Defendants"* do not provide fair notice regarding the nature of Western's alleged statutory claims *against Defendant Mehta*.  *See Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 647 (E.D. Tex. 2013); *accord Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *3 (N.D. Tex. May 22, 2009) (same); *TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) ("Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering against the adjuster."); *Broadway v. Brewer*, No. 4:08-CV-475, 2009 WL 1445449, at *3 (E.D. Tex. May 21, 2009) ("Plaintiff's petition merely alleges that 'Defendants' made misrepresentations in violation of the DTPA and the Texas Insurance

Code, but Plaintiff never identifies a single statement or specific misrepresentation made by Brewer.").

The only factual allegations that relate to Defendant Mehta appear in the "Factual Background" section of the complaint:

- "Western reported the [Illinois] claim to Defendant Raj Mehta."[2]  (*Id.*, ¶ 12.)

- "Defendant Mehta selected Western's counsel on behalf of NFM."[3]  (*Id.*, ¶ 13.)

- "Mehta, acting on behalf of NFM, refused to appoint replacement defense counsel to defend Western" in the sanctions proceeding that was initiated after Western had been dismissed from the Illinois suit.  (*Id.*, ¶ 17.)

- "Defendants Mehta and NFM refused Western's repeated requests" to appoint new counsel to defend Western in the sanctions proceeding.  (*Id.*, ¶ 19.)

As demonstrated below, these allegations are insufficient to permit this Court "to draw the reasonable inference" that Defendant Mehta did anything wrong – much less that he could be "liable for the misconduct alleged."  *See Iqbal*, 556 U.S. at 679.

> **2.**     ***Plaintiff has not stated an Insurance Code claim against Defendant Mehta.***

Counts III and IV of the petition allege that "All Defendants" violated various provision of the Texas Insurance Code.  (ECF Doc. 1, Ex. A-2, ¶¶ 34-44.)  But the allegations to support those counts do nothing more than parrot the statutory language. Thus "the well-pleaded facts do not permit the court to infer more than the mere possibility

---

[2] As explained, that allegation is incorrect.  (Ex. 1, ¶ 20.)

[3] That allegation is also incorrect.  (Ex. 1, ¶ 21.)

of misconduct." *See Iqbal*, 556 U.S. at 679.  That is insufficient to show that Plaintiff is "entitled to relief." *See id.*

There are no allegations that Defendant Mehta made any "specific, affirmative misrepresentation[s]" of the sort that might be actionable under the Insurance Code (or the DTPA). *See Webb v. UnumProvident Corp.*, 507 F. Supp. 2d 668, 679, 682 (W.D. Tex. 2005).  Indeed, the only allegation that could possibly relate to Defendant Mehta is a conclusory assertion that "All Defendants" engaged in unfair settlement practices by "refusing to defend Plaintiff's [sic] after a claim was properly tendered." (ECF Doc. 1, Ex. A-2, ¶ 36(d)(iv).)  However, facts alleged in the Factual Background section show that Plaintiff's "refusal to defend" claim – a claim expressly asserted against NFM in Counts I and II – only involves Mehta because he took actions "on behalf of NFM." (*Id.*, ¶¶ 17, 19.) There are *no* facts to support Plaintiff's conclusory assertion that "All Defendants," including Mehta, "are *individually* liable" for violating the Insurance Code.  (*Id.*, ¶ 37 (emphasis added).)

As the Fifth Circuit has recognized, "there is no reasonable possibility that Texas would allow recovery under Article 21.21[4] [of the Insurance Code] or the Texas Deceptive Trade Practices Act (DTPA) against an insurance company employee, who in the course of his employment engages in [the] business of insurance, *in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21 (or the DTPA) (and that such violation was a cause of damages or legally recognized harm to plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). As explained by a federal district judge from the Southern District of Texas:

---

[4] Article 21.21 is the predecessor to Chapter 541 of the Texas Insurance Code.

> The purpose of the unfair practices provisions of the Insurance Code is to "regulate trade practices in the business of insurance." Its focus and its reach go to the business entities that provide insurance, not the employees of those providers. To hold otherwise would be to conclude that Texas intended to put every individual employee of an insurance provider at risk of liability for the trade practices of the employer. Nothing in the statute regulating the businesses in the insurance field suggests that private claims against individual employees are part of the Texas scheme.

*Ayoub v. Baggett*, 820 F. Supp. 298, 299 (S.D. Tex. 1993).

Because the sparse factual allegations confirm that Western's purported claims against Defendant Mehta are based on actions taken in the course and scope of Mehta's employment with NFM, Defendant Mehta cannot be individually liable for violations of the Insurance Code. *See Hornbuckle*, 385 F.3d at 545. Accordingly, Plaintiff has not stated a plausible claim for relief against Defendant Mehta under the Insurance Code. Those claims should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

### 3. *Defendant has not stated a DTPA claim against Defendant Mehta.*

For closely related reasons, Plaintiff has not stated a claim against Defendant Mehta under the DTPA. As with the Insurance Code claims, Plaintiff frames its DTPA claim as a series of sweeping legal conclusions copied nearly verbatim from the statute itself. (ECF Doc. 1, Ex. A-2, ¶¶ 45-48.) There are no allegations specific to Defendant Mehta, and none of the allegations have any apparent connection to Defendant Mehta's actions on behalf of NFM. But even if the Court could somehow "infer more than the mere possibility of misconduct," the DTPA claim would not be actionable against Defendant Mehta *individually*. *See Hornbuckle*, 385 F.3d at 545. Accordingly, Plaintiff's DTPA claim against Defendant Mehta should also be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

**4.**      ***Defendant has not stated a negligence claim against Defendant Mehta.***

The negligence claim suffers from many of the same defects.  It is a string of legal conclusions relating to "All Defendants" that is devoid of particular facts to show that Plaintiff has stated a plausible claim against Defendant Mehta *individually*.  (ECF Doc. 1, Ex. A-2, ¶¶ 49-52.)  Indeed, the complaint actually suggests the opposite by alleging that "Defendants" are liable for "failing to exercise care, either directly or indirectly, through the acts and omissions of *those acting within the course and scope of their agency/employment*."  (*Id*., ¶ 51 (emphasis added).)  Plaintiff's formulaic recitation of the elements of a negligence claim is plainly insufficient to state a claim against Defendant Mehta.  *See Twombly*, 550 U.S. at 555.  The negligence claim against Defendant Mehta should also be dismissed.  *See* FED. R. CIV. P. 12(b)(6).

## PRAYER

WHEREFORE, Defendant Mehta prays that the Court dismiss all of Plaintiff's claims against him for lack of personal jurisdiction.  Alternatively, Defendant Mehta prays that the Court dismiss all of Plaintiff's claims against him because Plaintiff has failed to state a claim upon which relief can be granted.  Defendant Mehta also prays for any additional relief to which he may be entitled.

Dated:  April 20, 2016.

Respectfully submitted,

/s/ *Susan A. Kidwell*

Susan A. Kidwell
  Texas Bar No. 24032626
  skidwell@lockelord.com
LOCKE LORD LLP
600 Congress Street, Suite 2200
Austin, Texas 78701
T: (512) 305-4766
F: (512) 391-4766

Taylor F. Brinkman
  Texas Bar No. 24069420
  tbrinkman@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT RAJ
MEHTA**

## CERTIFICATE OF SERVICE

I certify that on April 20, 2016, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to all parties' counsel of record, who are registered ECF users.  Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure.  *See* LR 5.1.

/s/ *Susan A. Kidwell*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:16-CV-00565-L** |
| | § | |
| **NATIONAL FIRE AND MARINE** | § | |
| **INSURANCE COMPANY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

---

## DECLARATION OF RAJ MEHTA

---

I, Raj Mehta, offer this Declaration in support of my Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction filed in this case.  This Declaration is not intended and should not be construed as a general appearance in this action.

1.      I am a resident of Connecticut and have been a resident of Connecticut since 2002.

2.      I am one of the individual defendants referenced in the petition filed in the above-captioned case.

3.      I do not own or lease and I have never owned or leased any real property in the State of Texas.

4.      I do not maintain and I have never maintained an office in the State of Texas.

5.      I do not have and I have never had any employees or agents working in the State of Texas.

6.      I do not have and I have never had a telephone listing in the State of Texas.

7.      I do not enter into and I have never entered into contracts with anyone in the State of Texas.

8.      I do not advertise and I have never advertised in Texas.

9.      I do not design and I have never designed any products for sale in Texas.

10.     I do not manufacture and I have never manufactured any products in Texas.

11.     I do not ship and I have never shipped any products for sale in Texas.

12.     I do not sell and I have never sold any products in Texas.

13.     I do not market and I have never marketed any products for sale in Texas.

14.     I do not have and I have never had any bank accounts in Texas.

15.     I do not pay and I have never paid any taxes in Texas.

16.     I do not have and I have never had a registered agent for service of process in Texas.

17.     The above-captioned case arises from events that occurred in connection with the defense of a medical malpractice lawsuit that was filed in Illinois.

18.     I have never met with anyone in Texas regarding the defense of the Illinois lawsuit or regarding any other events that gave rise to the petition filed in this case.

19.     I do not consent to personal jurisdiction in the State of Texas.

20.     Western did not report the Illinois claim to me as stated in paragraph 12 of Plaintiff's Original Petition; Western reported the claim to the Program Administrator, Rockbridge Underwriting Agency Limited.

21.     I did not select Western's counsel on behalf as NFM, as stated in paragraph 12 of Plaintiff's Original Petition; Western's counsel was selected by MedPro.

I, Raj Mehta, declare under penalty of perjury that the foregoing is true and correct.

Executed in Fairfield County, State of Connecticut, on this the 15th day of April 2016.

Raj Mehta,
Declarant