

2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: 214-740-8000
Fax: 214-740-8800
www.lockelord.com

Taylor F. Brinkman
Direct Telephone: 214-740-8442
Direct Fax: 214-756-8332
tbrinkman@lockelord.com

May 27, 2016

BY EFILE

Magistrate Judge David Horan
U.S. District Court for the Northern District of Texas
Earle Cabell Federal Building and Courthouse
1100 Commerce Street, Room 1549
Dallas, Texas 75242

    Re:    *Western Healthcare, LLC v. National Fire and Marine Insurance Company, et al.*,
              No. 3:16-CV-00565-L-BN

Dear Magistrate Judge Horan:

      Pursuant to the Order of Reference entered in the above-referenced action (ECF No. 13), I have attached a copy of *Defendant Berkshire Hathaway Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, For Failure to State a Claim*. Please let me know if you need anything additional.

Sincerely,

*[signature]*

Taylor F. Brinkman


Attachment

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 3:16-CV-00565-L |
| | § | |
| **NATIONAL FIRE AND MARINE** | § | (Magistrate Judge Horan) |
| **INSURANCE COMPANY, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT BERKSHIRE HATHAWAY INC.'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY,
FOR FAILURE TO STATE A CLAIM**

<div style="margin-left: 40%;">

Susan A. Kidwell
LOCKE LORD LLP
600 Congress Street, Suite 2200
Austin, Texas 78701
T: (512) 305-4766
F: (512) 391-4766
skidwell@lockelord.com

Taylor F. Brinkman
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8442
F: (214) 756-8332
tbrinkman@lockelord.com

**ATTORNEYS FOR BERKSHIRE
HATHAWAY INC.**

</div>

## TABLE OF CONTENTS

Page

OVERVIEW OF GROUNDS FOR DISMISSAL ..............................................................................1

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ...........................2

    A.    Applicable legal standard. ..........................................................................................2

    B.    Plaintiff has not alleged sufficient facts to bring Berkshire within the reach of the Texas long-arm statute. ...............................................................3

    C.    The Court lacks general jurisdiction over Berkshire. ..........................................4

    D.    The Court lacks specific jurisdiction over Berkshire. .........................................6

        1.    The "purposeful availment" requirement is not met. .........................6

        2.    The "substantial connection" requirement is not met. ......................9

    E.    Exercising personal jurisdiction over Berkshire would offend traditional notions of fair play and substantial justice. .....................................10

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ......................................10

    A.    Legal standard. .........................................................................................................10

    B.    Plaintiff does not allege that Berkshire engaged in any wrongdoing. ................11

PRAYER .........................................................................................................................................12

CERTIFICATE OF SERVICE .......................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Type Culture Collection, Inc. v. Coleman*,
  83 S.W.3d 801 (Tex. 2002) ............................................................................................2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................10, 11

*CSR Ltd. v. Link*,
  925 S.W.2d 591 (Tex. 1996) ..........................................................................................4

*Driving Force Techs., Inc. v. Panda Distrib., Inc.*,
  No. 4:10-CV-24, 2012 WL 1645634 (E.D. Tex. May 10, 2012) ....................................8

*Franklin v. Burlington N. & Santa Fe Ry. Co.*,
  No. 4:10-CV-618-Y, 2010 WL 4877279 (N.D. Tex. Dec. 1, 2010) .....................7, 8, 12

*Freudensprung v. Offshore Technical Servs.*,
  379 F.3d 327 (5th Cir. 2004) .....................................................................................7, 12

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  131 S. Ct. 2846 (2011) ....................................................................................................4

*Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*,
  815 S.W.2d 223 (Tex. 1991) ..........................................................................................2

*Hanson v. Denckla*,
  357 U.S. 235 (1958) ........................................................................................................2

*Hargrave v. Fibreboard Corp.*,
  710 F.2d 1154 (5th Cir. 1983) ....................................................................................7, 8

*in Moncrief Oil Int'l v. Oao Gazprom*,
  414 S.W.3d 142 (Tex. 2013) ..........................................................................................6

*Internet Advertising Group, Inc. v. Accudata, Inc.*,
  301 S.W.3d 383 (Tex. App.—Dallas 2009, no pet.) ....................................................10

*Kelly v. Gen. Interior Constr., Inc.*,
  301 S.W.3d 653 (Tex. 2010) ..........................................................................................3

*McFadin v. Gerber*,
    587 F.3d 753 (5th Cir. 2009)...................................................................................2

*Michiana Easy Livin' Country, Inc. v. Holten*,
    168 S.W.3d 777 (Tex. 2005).....................................................................................2

*Moki Mac River Expeditions v. Drugg*,
    221 S.W.3d 569 (Tex. 2007).............................................................................3, 4, 6, 9

*Moki Mac River Expeditions v. Drugg*,
    270 S.W.3d 799 (Tex. App.—Dallas 2008, no pet.)................................................5, 10

*Perkins v. Benguet Consolidated Mining Co.*,
    342 U.S. 437 (1952)..............................................................................................4, 5

*Pervasive Software, Inc. v. Lexware GMBH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012)...................................................................................5

*PHC-Minden, L.P. v. Kimberly-Clark Corp.*,
    235 S.W.3d 163 (Tex. 2007)...............................................................................3, 4, 5

*Retamco Operating, Inc. v. Republic Drilling Co.*,
    278 S.W.3d 333 (Tex. 2009)...................................................................................6, 9

*Richardson v. Axion Logistics, L.L.C.*,
    780 F.3d 304 (5th Cir. 2015)..................................................................................11

*Sourcing Mgmt., Inc. v. Simclar, Inc.*,
    118 F. Supp. 3d 899 (N.D. Tex. 2015)...................................................................11

*Tesi v. Chase Home Fin., LLC*,
    No. 4:10-CV-272-Y, 2010 WL 2293177 (N.D. Tex. June 7, 2010) ...............................3

**Treatises and Commentary**

Mary Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. 610,
    635 (1988) ..............................................................................................................5

16 MOORE'S FEDERAL PRACTICE § 108.41[3].......................................................................5

Rhodes, *Clarifying General Jurisdiction*, 34 SETON HALL L. REV. 807, 811
    (2004) ....................................................................................................................4

Defendant Berkshire Hathaway Inc. ("Berkshire") moves the Court to dismiss all claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, alternatively, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## OVERVIEW OF GROUNDS FOR DISMISSAL

<u>No personal jurisdiction</u>:  The Court should dismiss Plaintiff's claims against Berkshire for lack of personal jurisdiction because Berkshire has no minimum contacts with Texas that would support either specific or general jurisdiction.  Berkshire is a holding company organized in Delaware and headquartered in Omaha, Nebraska.  It has absolutely no connection to Texas.  It is not registered to do business in Texas; it does not maintain an office in Texas; it does not have any employees in Texas; it does not manufacture, sell, or market any products in Texas; and it has not had any purposeful contacts with Texas that are substantially related to the operative facts of this litigation.  Although another defendant, National Fire & Marine Insurance Company ("NFM"), is one of Berkshire's many subsidiaries, Berkshire and NFM are separate and distinct legal entities.  Plaintiff has not and cannot allege any facts suggesting that their corporate separateness should be disregarded, such that NFM's contacts with Texas could be imputed to Berkshire.  Absent any such allegations, the mere fact that Berkshire is the holding company of NFM is insufficient to subject it to personal jurisdiction in Texas.

<u>Failure to state a claim</u>:  In the unlikely event that the Court concludes that Berkshire can be haled into court in Texas, the claims against it must still be dismissed because the factual allegations in the complaint, even if true, do not state a plausible claim to relief against Berkshire.  The *only* facts alleged about Berkshire in Plaintiff's complaint

are that (1) NFM is a Berkshire subsidiary, and (2) another defendant, Raj Mehta ("Mehta"), is a Berkshire employee. Neither allegation, one of which is false (Mehta is not an employee of Berkshire), supports a plausible right to relief against Berkshire. Consequently, if Berkshire is not dismissed for lack of jurisdiction, it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**A.   Applicable legal standard.**

The standards applicable to a motion to dismiss for lack of personal jurisdiction are well-established. "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Because the Texas long-arm statute reaches "'as far as the federal constitutional requirements for due process will allow,' . . . the statute's requirements are satisfied if exercising jurisdiction comports with federal due process limitations." *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). Thus, "the relevant inquiry is whether the exercise of personal jurisdiction over a non-resident defendant offends due process." *Tex. Opportunity Fund*, 107 F. Supp. 3d at 627.

The touchstone of jurisdictional due process is "purposeful availment." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). To subject a defendant to jurisdiction in a forum, "it is essential . . . that there be some act by which the *defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. (quoting *Hanson v.*

*Denckla*, 357 U.S. 235, 253 (1958) (emphasis in original)).  The exercise of personal jurisdiction is consistent with federal due-process guarantees only if (1) the defendant has established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.  *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007).   Minimum contacts, if established, may give rise to either general or specific jurisdiction.  *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007).

The party invoking the court's jurisdiction has the burden of establishing that the defendant's contacts with the forum are sufficient to support jurisdiction.  *Tesi v. Chase Home Fin., LLC*, No. 4:10-CV-272-Y, 2010 WL 2293177, at *1 (N.D. Tex. June 7, 2010); *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).  "The Court may decide the jurisdictional issue based on affidavits and other evidence in the record."  *Tesi*, 2010 WL 2293177, at *1.

B.  **Plaintiff has not alleged sufficient facts to bring Berkshire within the reach of the Texas long-arm statute.**

Aside from lumping Berkshire in with general references to all "Defendants," Plaintiff does not allege any facts about Berkshire related to personal jurisdiction or otherwise other than (1) "NFM is a subsidiary of Berkshire," and (2) Plaintiff reported its claim to Mehta, who Plaintiff erroneously alleges was "an employee of Berkshire in its Reinsurance Group."  (ECF No. 1-3, ¶¶ 11-12.)  Needless to say, neither of these allegations is adequate to show that *Berkshire* has sufficient minimum contacts with Texas to support jurisdiction.  Plaintiff's failure to plead facts establishing at least a prima facie case of personal jurisdiction is, alone, sufficient grounds to dismiss Berkshire from this lawsuit.

**C.     The Court lacks general jurisdiction over Berkshire.**

General jurisdiction exists when "the defendant has made continuous and systematic contacts with the forum." *Moki Mac*, 221 S.W.3d at 575.  But general jurisdiction turns on more than the sheer number of contacts amassed over time.  It "requires a showing that the defendant conducted *substantial* activities *within* the forum . . . ." *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996) (emphasis added).  To be subject to general jurisdiction, a defendant must engage in "'activities in the forum state similar in frequency and nature to the activities of local businesses.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting Charles W. "Rocky" Rhodes, *Clarifying General Jurisdiction*, 34 SETON HALL L. REV. 807, 811 (2004)).  In other words, general jurisdiction requires a defendant's operations *within the state* to be so continuous and substantial as to render the defendant essentially "at home" in the state.  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2853 & 2857 (2011).

Given this demanding standard, it is not surprising that general jurisdiction is exceedingly rare.  The United States Supreme Court has upheld the exercise of general jurisdiction in only one case – *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952).  *Perkins* thus provides a benchmark by which to measure the contacts required for general jurisdiction:

> In assessing whether the nonresident defendant's Ohio contacts were sufficient to warrant a finding of general jurisdiction, the Court noted that the company's president . . . maintained an Ohio office in which he "did many things on behalf of the company."  He maintained company files in Ohio, carried on correspondence from there, drew and distributed salary checks from his Ohio office, used two Ohio bank accounts for company funds and had an Ohio bank act as transfer agent for the company's stock, held directors' meetings in Ohio, supervised policies dealing with the rehabilitation of the corporation's properties in the Philippines [in Ohio], and dispatched funds from Ohio bank accounts to cover purchases of machinery for such rehabilitation.

*PHC-Minden*, 235 S.W.3d at 168; *see also Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 230-31 (5th Cir. 2012) (using *Perkins* as a benchmark to determine whether a defendant is sufficiently "at home" in a forum state as required to support general jurisdiction). In short, the defendant "carried on in Ohio a continuous and systematic supervision of the necessarily limited wartime activities of the company." *Perkins*, 342 U.S. at 448.

After discussing *Perkins*, the Texas Supreme Court acknowledged that "'general jurisdiction 'typically requires the defendant to have an office in the forum state.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting 16 MOORE'S FEDERAL PRACTICE § 108.41[3]); *see also Moki Mac River Expeditions v. Drugg*, 270 S.W.3d 799, 803 (Tex. App.—Dallas 2008, no pet.) (characterizing the maintenance of a Texas office as "the deciding factor in *Perkins*"). Other "'traditional indicia' of general jurisdiction are 'a home base, an agent for the service of process, a local office, or the pursuance of business from a *tangible* locale within the state.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting Mary Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. 610, 635 (1988)). Those types of contacts show that a defendant is "at home" in Texas, as required for general jurisdiction.

The evidence attached to this motion affirmatively shows that Berkshire does not have sufficient minimum contacts with Texas to support general jurisdiction. Berkshire is merely a holding company that owns subsidiaries engaged in variety of businesses. (Declaration of Sharon Heck ("Heck Decl.") ¶ 3.)[1]  It is a Delaware corporation headquartered in Omaha, Nebraska. (*Id.* ¶ 2.) It is not and has never been registered to do business in Texas and does not have a registered agent for service of process in Texas. (*Id.* ¶¶ 5-6.) It does not own or lease any real property in Texas, maintain an office in Texas,

---

[1] The Declaration of Sharon Heck is attached to this motion as Exhibit 1.

or have any employees in Texas. (*Id.* ¶¶ 7-8, 10.) Nor does it manufacture, sell, or market any products in Texas. (*Id.* ¶¶ 13-15.) In summary, Berkshire has no contacts at all with Texas, and certainly not the sort of continuous and systematic contacts required to establish general jurisdiction.

**D.   The Court lacks specific jurisdiction over Berkshire.**

Plaintiff has also failed to allege any facts showing that Berkshire is subject to specific jurisdiction. Specific jurisdiction exists when: (i) the defendant has made minimum contacts by purposefully availing itself of the privilege of conducting activities in the forum state, and (ii) those contacts bear a "substantial connection" to the operative facts of the litigation. *Moki Mac*, 221 S.W.3d at 584-85.

**1.   The "purposeful availment" requirement is not met.**

In determining whether a nonresident defendant has purposefully availed itself of the privilege of doing business in the state, Texas courts consider the following three factors:

> First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or person. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. Thus, sellers who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to the jurisdiction of the latter in suits based on their activities. Finally, the defendant must seek some benefit, advantage or profit by availing itself of the jurisdiction.

*Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338-39 (Tex. 2009), *quoted in Moncrief Oil Int'l v. Oao Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013). The "purposeful availment" analysis focuses on the "quality and nature of the contacts, not the quantity." *Moncrief*, 414 S.W.3d at 151.

Here, the allegations in the complaint do not even remotely suggest that Berkshire did anything in Texas – much less purposefully availed itself of the privilege of doing business in Texas. Plaintiffs' only allegations relating to Berkshire are that (1) "NFM is a subsidiary of Defendant Berkshire;" and (2) Western reported its claim to Defendant Raj Mehta, who Plaintiff erroneously alleges was "an employee of Defendant Berkshire in its Reinsurance Group." (ECF No. 1-3, ¶¶ 11-12.) Neither of these allegations show that *Berkshire* had any contacts with Texas. The only way these allegations can establish purposeful availment by *Berkshire* is if NFM's and Mehta's Texas contacts somehow can be imputed to Berkshire. They cannot.

First, Mehta's purported contacts with Texas cannot establish personal jurisdiction over Berkshire because, contrary to Plaintiff's allegations, Defendant Mehta is not and was not a Berkshire employee. (Heck Decl. ¶ 18.) Thus, whatever purposeful contacts Defendant Mehta might have had with Texas (as explained in Defendant Mehta's motion to dismiss, he had none), they do not allow the Court to hale *Berkshire* into court in Texas.

Second, NFM's contacts with Texas, if any, cannot establish personal jurisdiction over Berkshire because "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983); *accord Freudensprung v. Offshore Technical Servs.*, 379 F.3d 327, 346-47 (5th Cir. 2004); *Franklin v. Burlington N. & Santa Fe Ry. Co.*, No. 4:10-CV-618-Y, 2010 WL 4877279, at *3-4 (N.D. Tex. Dec. 1, 2010). Rather, a court can exercise jurisdiction over a parent company based on the local activities of a subsidiary only if the plaintiff proves that the parent is the "alter-ego" of the subsidiary. *Hargrave*, 710 F.2d at 1159. To prove that Berkshire was NFM's alter-ego,

Plaintiff must prove by "clear evidence" that Berkshire has such "domination and control" over NFM that the two are not in reality separate and distinct corporate entities. *Id.* "There must be proof of control of the parent over the subsidiary greater than that normally associated with common ownership." *Id.* at 1160.

Plaintiff does not allege any facts in the complaint suggesting that Berkshire "dominates" or "controls" NFM. Indeed, it does not. Berkshire and NFM operate under separate boards of directors; they have separate employees, offices, bank accounts, and assets; and Berkshire does not have any control over the day-to-day operations of NFM. (Heck Decl. ¶ 4.) Absent evidence that the Court should disregard this corporate separateness, there is no basis to exercise personal jurisdiction over Berkshire based on its relationship with NFM. *See Driving Force Techs., Inc. v. Panda Distrib., Inc.*, No. 4:10-CV-24, 2012 WL 1645634, at *6 (E.D. Tex. May 10, 2012) (holding that parent was not alter ego of subsidiary for jurisdiction purposes when parent and subsidiary maintained separate corporate records, separate bank accounts, and separate offices and where parent did not make day-to-day business decisions of subsidiaries); *Franklin*, 2010 WL 4877279, at *4-5 (holding that Berkshire was not subject to personal jurisdiction in Texas based on subsidiary's presence in the state). Indeed, in a case involving very similar facts, Judge Means *rejected* the plaintiff's argument that the defendant was subject to personal jurisdiction in Texas based on the activities of another of the defendant's subsidiaries. *See Franklin*, 2010 WL 4877279, at *4-5. There is no reason the outcome should be any different in this case.

### 2. The "substantial connection" requirement is not met.

Even if the Court were to conclude that Plaintiff's factual allegations are sufficient to satisfy the purposeful availment prong of the specific jurisdiction analysis (which they are not), "purposeful availment alone will not support an exercise of specific jurisdiction . . . unless the defendant's liability arises from or relates to the forum contacts." *Moki Mac*, 221 S.W.3d at 579. Because there must be a "substantial connection between [the defendant's forum] contacts and the operative facts of the litigation," *id*. at 585, a court "must consider the claims involved in the litigation to determine the operative facts." *Retamco*, 278 S.W.3d at 340.

Plaintiff purports to assert three claims against "All Defendants."[2] But the operative facts alleged in support of those claims involve representations made during the course of defending a medical malpractice lawsuit *in Illinois*. There are no allegations to connect Berkshire with those operative facts, and no employee or agent of Berkshire was involved in the events that gave rise to Plaintiff's claims. (Heck Decl. ¶ 18.)[3] Under these circumstances, there is *no* connection between any purposeful contacts that Berkshire had with Texas and any operative facts that occurred in Texas. Accordingly, Berkshire is not subject to specific jurisdiction in Texas. *See Moki Mac*, 221 S.W.3d at 579.

---

[2] There are no claims specifically asserted against Berkshire. Moreover, as demonstrated below, the factual allegations relating to Berkshire are insufficient to state a claim on which relief could be granted.

[3] Although Plaintiff alleges that Defendant Mehta was a Berkshire employee, that is not correct. (Heck Decl. ¶ 18.) Even if it were correct, for the reasons explained in Defendant Mehta's motion to dismiss, Plaintiff does not allege or prove any facts suggesting that Mehta had any purposeful contacts with Texas that are related to the operative facts of the lawsuit.

**E.     Exercising personal jurisdiction over Berkshire would offend traditional notions of fair play and substantial justice.**

Absent minimum contacts, the Court need not consider whether the exercise of personal jurisdiction would comport with traditional notions of fair play and substantial justice. *See Internet Advertising Group, Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 392-93 (Tex. App.—Dallas 2009, no pet.). When, as here, there are insufficient contacts with Texas to support jurisdiction, exercising jurisdiction "does not comport with traditional notions of fair play and substantial justice." *See Moki Mac*, 270 S.W.3d at 804.

In light of firmly established case law and Berkshire's lack of any contacts with Texas, the Texas long-arm statute does not permit this Court to exercise personal jurisdiction over Berkshire. The exercise of personal jurisdiction would also violate the United States Constitution and offend traditional notions of fair play and substantial justice. Accordingly, Plaintiff's claims against Berkshire should be dismissed for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

For closely related reasons, Plaintiff's claims against Berkshire should also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**A.     Legal standard.**

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]hile the complaint need not articulate 'detailed factual allegations,' it must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). As this Court has observed, "a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions." *Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 913 (N.D. Tex. 2015).

### B.     Plaintiff does not allege that Berkshire engaged in any wrongdoing.

Plaintiff does not allege that Berkshire itself committed any of the alleged acts or omissions giving rise to Plaintiff's claims. Again, aside from general references to all "Defendants" and conclusory recitations of the elements of Plaintiff's claims, which the Supreme Court has said this Court should ignore, the only facts in the Complaint about Berkshire are that (1) "NFM is a subsidiary of Berkshire" and (2) Plaintiff reported its claim to Mehta, who Plaintiff erroneously alleges was "an employee of Berkshire in its Reinsurance Group." (ECF No. 1-3, ¶¶ 11-12.) Thus, to state a claim against Berkshire, Plaintiff must successfully state a claim against NFM or Mehta *and* allege facts from which the Court can infer that Berkshire is liable for NFM's or Mehta's conduct. Plaintiff has failed to do so.

First, Plaintiff does not allege any facts to rebut the presumption that Berkshire and NFM are separate and distinct legal entities, such that Berkshire is liable for NFM's actions. "In the absence of alleged facts or evidence demonstrating sufficient control of the parent over the subsidiary, the plaintiff does not overcome the presumption of

corporate separateness." *Franklin*, 2010 WL 4877279, at *3 (citing *Freudensprung v. Offshore Technical Servs.*, 379 F.3d 327, 346-47 (5th Cir. 2004)).  Plaintiff has not alleged any facts from which the Court can infer that Berkshire controls NFM or that the presumption of corporate separateness should be disregarded for some other reason.  In the absence of such allegations, the Court cannot infer that Berkshire would be liable for NFM's conduct such that Plaintiff's allegations against NFM suffice to state a claim against Berkshire as well.

Second, Plaintiff's false allegation that Mehta "was an employee of Berkshire" also fails to state a claim against Berkshire because the remainder of Plaintiff's complaint fails to state an actionable claim against Mehta.  For the reasons explained in Mehta's motion to dismiss and incorporated by reference herein, Plaintiff has failed to state any actionable claim against Mehta.  (ECF No. 11, 15-19.)   Because Plaintiff does not allege that Berkshire engaged in any wrongdoing independent of Mehta, the complaint also fails to state a claim against Berkshire.

## **PRAYER**

Berkshire has no contacts with Texas and did not engage in any of the conduct allegedly giving rise to Plaintiff's claims.  Consequently, Berkshire prays that the Court dismiss all of Plaintiff's claims against it for lack of personal jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted.  Berkshire also prays for any additional relief to which it may be entitled.

Dated:  May 27, 2016.　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/　  *Taylor F. Brinkman*　　　　　　
　　　　　　　　　　　　　　　　　　　　Susan A. Kidwell
　　　　　　　　　　　　　　　　　　　　  Texas Bar No. 24032626
　　　　　　　　　　　　　　　　　　　　  skidwell@lockelord.com
　　　　　　　　　　　　　　　　　　　　LOCKE LORD LLP
　　　　　　　　　　　　　　　　　　　　600 Congress Street, Suite 2200
　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　　T: (512) 305-4766
　　　　　　　　　　　　　　　　　　　　F: (512) 391-4766

　　　　　　　　　　　　　　　　　　　　Taylor F. Brinkman
　　　　　　　　　　　　　　　　　　　　  Texas Bar No. 24069420
　　　　　　　　　　　　　　　　　　　　  tbrinkman@lockelord.com
　　　　　　　　　　　　　　　　　　　　LOCKE LORD LLP
　　　　　　　　　　　　　　　　　　　　2200 Ross Avenue, Suite 2800
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　T: (214) 740-8000
　　　　　　　　　　　　　　　　　　　　F: (214) 740-8800

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR BERKSHIRE HATHAWAY INC.**

## CERTIFICATE OF SERVICE

I certify that on May 27, 2016, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to all parties' counsel of record, who are registered ECF users. Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* LR 5.1.

/s/   *Taylor F. Brinkman*