

2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone:  214-740-8000
Fax:  214-740-8800
www.lockelord.com

Taylor F. Brinkman
Direct Telephone:  214-740-8442
Direct Fax:  214-756-8332
tbrinkman@lockelord.com

June 7, 2016

<u>BY EFILE</u>

Magistrate Judge David Horan
U.S. District Court for the Northern District of Texas
Earle Cabell Federal Building and Courthouse
1100 Commerce Street, Room 1549
Dallas, Texas 75242

> Re:   *Western Healthcare, LLC v. National Fire and Marine Insurance Company, et al.*, No. 3:16-CV-00565-L-BN

Dear Magistrate Judge Horan:

Pursuant to the Order of Reference entered in the above-referenced action (ECF No. 13), I have attached a copy of *Defendant Thomas Meierant's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, For Failure to State a Claim.*  Please let me know if you need anything additional.

Sincerely,

Taylor F. Brinkman

Attachment

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:16-CV-00565-L-BN** |
| | § | |
| **NATIONAL FIRE AND MARINE** | § | **(Magistrate Judge Horan)** |
| **INSURANCE COMPANY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT THOMAS MEIERANT'S MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION OR, ALTERNATIVELY,**
**FOR FAILURE TO STATE A CLAIM**

---

Susan A. Kidwell
LOCKE LORD LLP
600 Congress Street, Suite 2200
Austin, Texas 78701
T: (512) 305-4766
F: (512) 391-4766
skidwell@lockelord.com

Taylor F. Brinkman
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8442
F: (214) 756-8332
tbrinkman@lockelord.com

**ATTORNEYS FOR DEFENDANT**
**THOMAS MEIERANT**

Defendant Thomas Meierant ("Meierant") moves to dismiss the claims against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## OVERVIEW OF GROUNDS FOR DISMISSAL

No personal jurisdiction:  Defendant Meierant is a resident of Missouri.  Because he lacks sufficient minimum contacts with the State of Texas, the Texas long-arm statute does not permit this Court to exercise personal jurisdiction over him.  Defendant Meierant has not had continuous and systematic minimum contacts with Texas, as required for the exercise of general jurisdiction.  And Plaintiff's claims do not arise from and are not sufficiently related to any purposeful activities conducted by Defendant Meierant in Texas, as is required for the exercise of specific jurisdiction.  Absent sufficient minimum contacts with Texas, the exercise of personal jurisdiction over Defendant Meierant would offend traditional notions of fair play and substantial justice.  Accordingly, Defendant Meierant requests that this Court dismiss Plaintiff's claims against him for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

Failure to state a claim:  In the unlikely event that the Court concludes that Defendant Meierant is subject to personal jurisdiction in Texas, Plaintiff's claims that Defendant Meierant was negligent and that he violated the Deceptive Trade Practices-Consumer Protection Act ("DTPA") and Chapter 542 of the Texas Insurance Code must still be dismissed because the factual allegations in the complaint are patently insufficient to state a claim for relief against Defendant Meierant under those theories.  Accordingly, if the claims against him are not dismissed for lack of personal jurisdiction, they should be dismissed under Rule 12(b)(6).

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.    Applicable legal standard.

"Federal Rule 12(b)(2) provides for the dismissal of a complaint when the court lacks personal jurisdiction over a defendant in the case." *Tex. Opportunity Fund L.P. v. Hammerman & Gainer Int'l, Inc.*, 107 F. Supp. 3d 620, 627 (N.D. Tex. 2015). "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *quoted in Tex. Opportunity Fund*, 107 F. Supp. 3d at 627. Because the Texas long-arm statute reaches "'as far as the federal constitutional requirements for due process will allow,' . . . the statute's requirements are satisfied if exercising jurisdiction comports with federal due process limitations." *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). "[T]he relevant inquiry is whether the exercise of personal jurisdiction over a non-resident defendant offends due process." *Tex. Opportunity Fund*, 107 F. Supp. 3d at 627.

"For half a century, the touchstone of jurisdictional due process has been 'purposeful availment.'" *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). Consequently, "it is essential in each case that there be some act by which the *defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (emphasis in original)). The exercise of personal jurisdiction is consistent with federal due-process guarantees only if (i) the

defendant has established minimum contacts with the forum state and (ii) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). Minimum contacts, if established, may give rise to either general or specific jurisdiction. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007).

The Texas Supreme Court has "consistently held that the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute." *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). "[T]he defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading." *Id.* Accordingly, the analysis begins with the jurisdictional allegations in Plaintiff's complaint.

### B. Plaintiff has not alleged sufficient facts to bring Defendant Meierant within the reach of the Texas long-arm statute.

Plaintiff asserts that "[t]he court has personal jurisdiction over all Defendants because, at a minimum, all Defendants have established minimum contacts with the State of Texas." (*See* ECF No. 1-3 [Orig. Pet.], ¶ 9.) But conclusory assertions are insufficient to satisfy Plaintiff's initial burden to allege sufficient facts to bring Defendant Meierant within the provisions of the long-arm statute. *See Kelly*, 301 S.W.3d at 658.

When, as here, "the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute (*i.e.*, for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction." *Kelly*, 301 S.W.3d at 658-59. Defendant Meierant, a resident of Missouri, has met that

burden.  (*See* Declaration of Thomas Meierant.)[1]   The jurisdictional analysis can and should end here.  *See Kelly*, 301 S.W.3d at 658.

**C.      The Court lacks general jurisdiction over Defendant Meierant.**

General jurisdiction exists when "the defendant has made continuous and systematic contacts with the forum."  *Moki Mac*, 221 S.W.3d at 575.   But general jurisdiction turns on more than the sheer number of contacts amassed over time.   It "requires a showing that the defendant conducted *substantial* activities *within* the forum . . . ."  *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996) (emphasis added).  To be subject to general jurisdiction, a defendant must engage in "'activities in the forum state similar in frequency and nature to the activities of local businesses.'"  *PHC-Minden*, 235 S.W.3d at 168 (quoting Charles W. "Rocky" Rhodes, *Clarifying General Jurisdiction*, 34 Seton Hall L. Rev. 807, 811 (2004)).   In other words, general jurisdiction requires a defendant's operations *within the state* to be so continuous and substantial as to render the defendant essentially "at home" in the state.  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2853 & 2857 (2011).

Given this demanding standard, it is not surprising that general jurisdiction is exceedingly rare.  The United States Supreme Court has upheld the exercise of general jurisdiction in only one case – *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952).  *Perkins* thus provides a benchmark by which to measure the contacts required for general jurisdiction:

> In assessing whether the nonresident defendant's Ohio contacts were sufficient to warrant a finding of general jurisdiction, the Court noted that the company's president . . . maintained an Ohio office in which he "did many things on behalf of the company."   He maintained company files in

---

[1] The Declaration of Thomas Meierant is attached to this motion as Exhibit 1.

> Ohio, carried on correspondence from there, drew and distributed salary checks from his Ohio office, used two Ohio bank accounts for company funds and had an Ohio bank act as transfer agent for the company's stock, held directors' meetings in Ohio, supervised policies dealing with the rehabilitation of the corporation's properties in the Philippines [in Ohio], and dispatched funds from Ohio bank accounts to cover purchases of machinery for such rehabilitation.

*PHC-Minden*, 235 S.W.3d at 168; *see also Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 230-31 (5th Cir. 2012) (using *Perkins* as a benchmark to determine whether a defendant is sufficiently "at home" in a forum state as required to support general jurisdiction).   In short, the defendant "carried on in Ohio a continuous and systematic supervision of the necessarily limited wartime activities of the company." *Perkins*, 342 U.S. at 448.

After discussing *Perkins*, the Texas Supreme Court acknowledged that "'general jurisdiction 'typically requires the defendant to have an office in the forum state.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting 16 MOORE'S FEDERAL PRACTICE § 108.41[3]); *see also Moki Mac River Expeditions v. Drugg*, 270 S.W.3d 799, 803 (Tex. App.—Dallas 2008, no pet.) (characterizing the maintenance of a Texas office as "the deciding factor in *Perkins*").   Other "'traditional indicia' of general jurisdiction are 'a home base, an agent for the service of process, a local office, or the pursuance of business from a *tangible* locale within the state.'" *PHC-Minden*, 235 S.W.3d at 168 (quoting Mary Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. 610, 635 (1988)).   Those types of contacts show that a defendant is "at home" in Texas, as required for general jurisdiction.

Defendant Meierant has not had the types of continuous and systematic contacts with Texas that would subject him to general jurisdiction:

- He does not own or lease and has never owned or leased any real property in Texas (Meierant Decl. ¶ 3);

- He does not maintain and has never maintained an office in Texas (*id.* ¶ 4);

- He does not have and has never had any employees or agents working in Texas (*id.* ¶ 5);

- He does not have and has never had a telephone listing in Texas (*id.* ¶ 6);

- He does not enter into and has never entered into contracts with Texas residents (*id.* ¶ 7);

- He does not and has never advertised in Texas (*id.* ¶ 8);

- He does not design, manufacture, ship, sell, or market any products in Texas, and has never designed, manufactured, shipped, sold or marketed any products in Texas (*id.* ¶¶ 9-13);

- He does not have and has never had any bank accounts in Texas (*id.* ¶ 14);

- He does not pay and has never paid any taxes in Texas (*id.* ¶ 15); and

- He does not have and has never had a registered agent for service of process in Texas (*id.* ¶ 16).

Because Defendant Meierant does not have the quantity or quality of contacts that would make him "at home" in Texas, he is not subject to general jurisdiction in this State.

**D.      The Court lacks specific jurisdiction over Defendant Meierant.**

Nor does Defendant Meierant have sufficient minimum contacts with Texas to subject him to specific jurisdiction.  Specific jurisdiction exists when: (i) the defendant has made minimum contacts by purposefully availing itself of the privilege of conducting activities in the forum state, and (ii) those contacts bear a "substantial connection" to the operative facts of the litigation.  *Moki Mac*, 221 S.W.3d at 584-85.  In determining whether a nonresident defendant has purposefully availed itself of the privilege of doing business in the state, Texas courts consider the following three factors:

> First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or person.  Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated.  Thus, sellers who reach out beyond one state and create continuing

relationships and obligations with citizens of another state are subject to the jurisdiction of the latter in suits based on their activities.  Finally, the defendant must seek some benefit, advantage or profit by availing itself of the jurisdiction.

*Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338-39 (Tex. 2009),

*quoted in Moncrief Oil Int'l v. Oao Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013).

Nothing in the Complaint indicates that Defendant Meierant had any contacts with the State of Texas that bear any relationship to the operative facts of this litigation.  All of Western's allegations against Defendant Meierant concern his actions in connection with a lawsuit filed in Illinois.  Specifically, Western alleges that Defendant Meierant (1) did not produce the NFM policy to Western's attorneys despite being obligated to do so, (2) directed Western's defense counsel to respond that the full policy limits were available to settle the claims in the Illinois case, and (3) failed to inform Western's counsel that the policy limits were eroding.  (ECF No. 1-3, ¶¶ 13-14.)  None of these alleged actions (assuming they occurred) occurred in Texas, as Defendant Meierant does not work in Texas and the counsel hired to defend Western *in Illinois* was not located in Texas. (Meierant Decl. ¶¶ 1, 19.)  In addition, Defendant Meierant never made *any* representations in Texas or to anyone in Texas regarding any of the events giving rise to the Complaint. (*Id.* ¶ 19.)  Given that none of Defendant Meierant's alleged wrongdoing has any connection whatsoever to Texas, Plaintiff cannot show that Defendant Meierant purposefully availed himself of the benefits of doing business as Texas, as required to establish specific jurisdiction.

Furthermore, even if Defendant Meierant's alleged conduct giving rise to this litigation could somehow be connected to Texas, that conduct still would not be sufficient to establish jurisdiction because all of Defendant Meierant's alleged conduct was made

solely on behalf of and for the benefit of his employer, MedPro, not for his own benefit. (ECF No. 1-3, ¶ 12 ("At all times relevant to this lawsuit, Meierant was acting within the course and scope of his agency with MedPro").)  Under the fiduciary shield doctrine, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual."  *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 2d 664, 676 (S.D. Tex. 2014) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) (internal quotation marks omitted)); *Ten Mile Indus. Park v. W. Plains Serv.*, 810 F.2d 1518, 1527 (10th Cir. 1987) ("[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction.").  Although exceptions to that doctrine exist where the individual is the alter ego of his employer or where the individual performed acts for his own individual benefit, Plaintiff has not alleged any facts remotely suggesting that either of these exceptions apply.  *See Saktides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990).  Simply put, "a nexus is lacking between [Defendant Meierant], in his individual capacity, the forum, and this litigation."  *Id.*  As a result, there is no specific jurisdiction.

**E.     Exercising personal jurisdiction over Defendant Meierant would offend traditional notions of fair play and substantial justice.**

Absent minimum contacts, the Court need not consider whether the exercise of personal jurisdiction would comport with traditional notions of fair play and substantial justice.  *See Internet Advertising Group, Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 392-93 (Tex. App.—Dallas 2009, no pet.).  When, as here, there are insufficient contacts with Texas to support jurisdiction, exercising jurisdiction "does not comport with traditional

notions of fair play and substantial justice." *See Moki Mac*, 270 S.W.3d at 804.   Nor would the exercise of jurisdiction over Meierant comport with traditional notions of fair play and substantial justice. *See Saktides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990) ("it would offend traditional notions of fair play and substantial justice to force employees who have occasion to do business by telephone or mail with any number of given states, to require that they defend lawsuits in those states in their individual capacity based on acts not performed for their own benefit").

In light of firmly established case law and Plaintiff's wholly deficient allegations against Defendant Meierant, the Texas long-arm statute does not permit this Court to exercise personal jurisdiction over Defendant Meierant.   The exercise of personal jurisdiction would also violate the United States Constitution and offend traditional notions of fair play and substantial justice.   Accordingly, Plaintiff's claims against Defendant Meierant should be dismissed for lack of personal jurisdiction.   *See* FED. R. CIV. P. 12(b)(2).

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Even if the Court determines that Defendant Meierant is subject to personal jurisdiction in Texas (which he is not), it still must dismiss the claims against him for (1) violation of the DTPA, (2) violation of Chapter 542 of the Insurance Code, and (3) negligence because Plaintiff's factual allegations do not state a claim against him upon which relief can be granted under those theories.

### A.   Legal standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "[W]hile the complaint need not articulate 'detailed factual allegations,' it must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).  As this Court has observed, "a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions."  *Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 913 (N.D. Tex. 2015).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 12(b)(6)).

**B.**     **Plaintiff has failed to state a claim against Defendant Meierant.**

   **1.**     ***There are no factual allegations to support a claim against Defendant Meierant.***

Aside from general references to all "Defendants" and conclusory recitations of the elements of Plaintiff's causes of action—which the Supreme Court has instructed should be ignored—the only factual allegations that relate to Defendant Meierant appear in paragraphs 12 and 13 of the Complaint. Plaintiff alleges that:

- "NFM assigned its claims handling responsibilities to Defendant MedPro, who in turn assigned its agent, Defendant Meierant, to handle the claim."  (ECF No. 1-3, ¶ 12.)

- "Plaintiff's counsel [in the Illinois lawsuit] propounded discovery requests upon Western's counsel, asking, among other things, that Western's counsel produce a copy of Western's insurance policy, and also asking Western's counsel to divulge the amount of insurance available to resolve claims.  Western's defense counsel forwarded the requests to Meierant for response."  (*Id.* ¶ 13.)

- "Despite being obligated to do so, Meierant did not produce the policy."  (*Id.*)

- "Instead, Meierant directed Western's defense counsel to respond that the full policy limits were available to settle the claims."  (*Id.*)

These allegations fail to state a claim for violation of the DTPA, violation of Chapter 542 of the Texas Insurance Code, or negligence.

### 2.      Defendant has not stated a DTPA claim against Defendant Meierant.

Plaintiff's allegations fail to state an actionable DTPA claim against Defendant Meierant.  To begin, it is unclear from the Complaint what Plaintiff contends Defendant Meierant did to violate the DTPA.  The DTPA count in the Complaint merely alleges that all "Defendants" committed the violations enumerated in the DTPA's "laundry list" without linking any specific Defendant to any specific violation.  (ECF No. 1-3, ¶ 47.)  The only factual allegations against Defendant Meierant—that he failed to provide the policy to Plaintiff's defense counsel and erroneously represented to Plaintiff's defense counsel that the full policy limits were available—do not constitute a violation of any provision of the DTPA.  Consequently, Plaintiff has failed to allege facts from which the Court can infer that Defendant Meierant is liable under the DTPA.

Even if the conduct ascribed to Defendant Meierant could somehow be construed to violate the DTPA, Plaintiff still cannot state an actionable DTPA claim because none of

that conduct took place in connection with Plaintiff's purchase of the insurance policy. The DTPA was designed to protect consumers in consumer transactions. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To be actionable under the DTPA, the defendant's alleged deceptive act or practice must have been committed *in connection with* the plaintiff's transaction in purchasing or leasing goods or services. *Id*. Here, the consumer transaction that apparently serves as the foundation for Plaintiff's claims is the purchase of the insurance policy. But Defendant Meierant had no connection with Plaintiff's purchase of the policy, and Defendant Meierant's only alleged misrepresentations occurred long *after* Plaintiff purchased the policy, and were never even communicated to Plaintiff. Thus, assuming Defendant Meierant committed some act prohibited by the DTPA, that act was not connected with Plaintiff's transaction in purchasing the insurance policy as required to support liability under the DTPA. *See id.*; *Taylor v. Burk*, 722 S.W.2d 226, 229 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.) (affirming judgment notwithstanding the verdict on plaintiff's DTPA claim because plaintiff presented no evidence that defendant "was connected with the real estate transaction" giving rise to plaintiff's claims).

   3.   **Plaintiff cannot state a claim against Meierant for Violation of Ch. 542 of the Insurance Code because Ch. 542 only applies to insurers.**

Plaintiff's allegations likewise fail to state a claim against Defendant Meierant under Chapter 542 of the Insurance Code. Plaintiff cannot state a claim against Meierant for violation of Chapter 542 of the Texas Insurance Code because Chapter 542 expressly does not apply to him. Both the "Unfair Claim Settlement Practices" provisions and the "Prompt Payment of Claims" provisions of Chapter 542 apply only to "insurer[s] authorized to engage in business as an insurance company or to provide insurance in this

state." Tex. Ins. Code §§ 542.002, 542.052. Plaintiff does not allege any facts suggesting that Meierant, an individual employee of a third-party claims administrator, is an "insurer" authorized to engage in business as an insurance company or to provide insurance. Accordingly, Plaintiff cannot state a claim against Meierant for violation of Chapter 542. *See Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding that plaintiff could not state a claim under Chapter 542 against an insurance adjuster because an adjuster was not an "insurer" as defined by Chapter 542); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014) (Solis, J.) (same).

**4.      Plaintiff cannot state a claim against Meierant for negligence because no facts are alleged that Meierant, individually, owed Plaintiff a duty.**

Plaintiff also cannot state a negligence claim against Defendant Meierant.  To state a claim for negligence, Plaintiff must allege facts from which the Court can infer that (1) Defendant Meierant, individually, owed a legal duty to Plaintiff; (2) Defendant Meierant breached that duty; and (3) Defendant Meierant's breach proximately caused Plaintiff's damages.  *E.g.*, *W. Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  Plaintiff's allegations do not allow the Court to infer that Defendant Meierant owed Plaintiff any duty.  Plaintiff alleges that Defendant Meierant was, "[a]t all times relevant to this lawsuit, acting within the course and scope of his agency with MedPro." (ECF No. 1-3, ¶ 12.)  Any acts or omissions by Meierant in the course of handling Plaintiff's claim were therefore the acts of MedPro.  Any duty to use reasonable care in handling Plaintiff's claim would run from Meierant's employer, MedPro, and not from Defendant Meierant individually.  Defendant Meierant cannot be individually liable to Plaintiff under a negligence theory.

## PRAYER

WHEREFORE, Defendant Meierant prays that the Court dismiss all of Plaintiff's claims against him for lack of personal jurisdiction.  Alternatively, Defendant Meierant prays that the Court dismiss Plaintiff's claims for violation of the DTPA, violation of Chapter 542 of the Texas Insurance Code, and negligence for failure to state a claim upon which relief can be granted.  Defendant Meierant also prays for any additional relief to which he may be entitled.

Dated:  June 7, 2016.                    Respectfully submitted,


/s/    *Taylor F. Brinkman*
Susan A. Kidwell
  Texas Bar No. 24032626
  skidwell@lockelord.com
LOCKE LORD LLP
600 Congress Street, Suite 2200
Austin, Texas 78701
T: (512) 305-4766
F: (512) 391-4766

Taylor F. Brinkman
  Texas Bar No. 24069420
  tbrinkman@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
THOMAS MEIERANT**

## CERTIFICATE OF SERVICE

I certify that on June 7, 2016, I filed this document using the Court's Electronic Case Filing ("ECF") system, which will automatically deliver a notice of electronic filing to all parties' counsel of record, who are registered ECF users.  Delivery of such notice of electronic filing constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure.  *See* LR 5.1.

/s/    *Taylor F. Brinkman*

# EXHIBIT 1

CAUSE NO. DC-16-00259

| | | |
|---|---|---|
| WESTERN HEALTHCARE, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| NATIONAL FIRE AND MARINE | § | |
| INSURANCE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | 68th JUDICIAL DISTRICT |

## DECLARATION OF THOMAS MEIERANT

I, Thomas Meierant, offer this Declaration in support of my Special Appearance in this case. This Declaration is not intended and should not be construed as a general appearance in this action.

1.      I am a resident of Missouri and have been a resident of Missouri since May 1990.

2.      I am one of the individual defendants referenced in the petition filed in the above-captioned case.

3.      I do not own or lease and I have never owned or leased any real property in the State of Texas.

4.      I do not maintain and I have never maintained an office in the State of Texas.

5.      I do not have and I have never had any employees or agents working in the State of Texas.

6.      I do not have and I have never had a telephone listing in the State of Texas.

7.      I do not enter into and I have never entered into contracts with anyone in the State of Texas.

8.      I do not advertise and I have never advertised in the State of Texas.

9.    I do not designed and I have never designed any products for sale in the State of Texas.

10.    I do not manufacture and I have never manufactured any products in the State of Texas.

11.    I do not ship and I have never shipped any products for sale in the State of Texas.

12.    I do not sell and I have never sold any products in the State of Texas.

13.    I do not market and I have never marketed any products for sale in the State of Texas.

14.    I do not have and I have never had any bank accounts in the State of Texas.

15.    I do not pay and I have never paid any taxes in the State of Texas.

16.    I do not have and I have never had a registered agent for service of process in the State of Texas.

17.    The above-captioned case arises from events that occurred in connection with the defense of a medical malpractice lawsuit that was filed in Illinois.

18.    I have never met with anyone in Texas regarding the defense of the Illinois lawsuit or regarding any other events that gave rise to the petition filed in this case.

19.    I have never made any representations in Texas regarding the defense of the Illinois lawsuit or regarding any other events that gave rise to the petition filed in this case.

20.    I do not consent to personal jurisdiction in the State of Texas.

## Jurat

My name is Thomas Meierant, my date of birth is June 24, 1952 and my address is 252 Timber Tree Court, Wildwood, MO  63011.  I declare under penalty of perjury that the foregoing is true and correct.  I also declare under penalty of perjury that every factual statement in the Special Appearance attached hereto is true and correct.

Executed in St. Louis County, State of Missouri, on this the 17th day of February 2016.

Thomas Meierant,
Declarant