IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WESTERN HEALTHCARE, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:16-CV-565-L** |
| | § | |
| **NATIONAL FIRE AND MARINE** | § | |
| **INSURANCE COMPANY**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On June 30, 2016, Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") recommending that the court grant Plaintiff Western Healthcare LLC's Motion to Remand (Doc. 7), filed March 28, 2016, and remand this case to the 68th Judicial District Court, Dallas County, Texas.  Defendants filed objections to the Report.

Having reviewed the motion, response, reply, pleadings, file, and record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court determines that it lacks subject matter jurisdiction over this action, **overrules** Defendants' objections, **grants** Plaintiff Western Healthcare LLC's Motion to Remand (Doc. 7), and **remands** the case to the 68th Judicial District Court, Dallas County, Texas, from which it was removed.  The clerk of the court **shall** effect the remand in accordance with the usual procedure.

Further, although not addressed in the Report, the court determines that Plaintiff is entitled to recover its reasonable attorney's fees and costs incurred as a result of the removal.  Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal–Mart Stores, Inc*., 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs."  *Id.* (citation omitted).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The law regarding diversity of citizenship, improper joinder, and Plaintiff's claims is well established, and the court determines, based on the magistrate judge's findings and conclusions, that no objectively reasonable grounds existed to remove this action.  Plaintiff is, therefore, entitled to recover its reasonable attorney's fees and costs incurred for Defendants' removal of this action to federal court.  If Plaintiff wishes to pursue its request to recover reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), and the parties are unable to reach agreement regarding the amount of attorney''s fees and costs, Plaintiff must file a fee application with supporting documentation for the court's consideration by **August 28, 2016.** *The parties are strongly admonished to reach*

*agreement on the amount of attorney's fees, as "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (emphasis added).

**It is so ordered** this 28th day of July, 2016.

Sam A. Lindsay
United States District Judge

**Order – Page 3**