IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESTERN HEALTHCARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-565-L |
| | § | |
| NATIONAL FIRE AND MARINE | § | |
| INSURANCE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Western Healthcare, LLC has filed a Motion and Application for Attorneys Fees, *see* Dkt. No. 25, which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for findings and recommendation, *see* Dkt. No. 26. Defendants National Fire and Marine Insurance Company, The Medical Protective Company, Berkshire Hathaway Inc., and Thomas Meierant (the "Removing Defendants") filed a response, *see* Dkt. No. 27, and Plaintiff filed a reply, *see* Dkt. No. 28.

The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

The Removing Defendants removed this case from state court on the basis of diversity jurisdiction and asserted that the only non-diverse defendant had been improperly joined to defeat federal jurisdiction. *See* Dkt. No. 1. The non-diverse defendant, Healthcare Liability Solutions, Inc., then filed a motion to dismiss for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 4.

Plaintiff filed a motion to remand based on lack of diversity. *See* Dkt. No. 7.

Thereafter, Defendants Raj Mehta, Berkshire Hathaway and Thomas Meierant filed motions to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim. *See* Dkt. Nos. 11, 16 & 17, respectively. Mehta had not been served with citation, and Plaintiff's motion for substituted service on Mehta was pending at the time of removal. *See* Dkt. No. 1-2 at 2-3. Berkshire Hathaway Inc. and Meierant had filed special appearances and special exceptions in the state court prior to removal. *See id.*

Judge Lindsay referred the motion to remand and the motions to dismiss to the undersigned for findings and recommendation. *See* Dkt. No. 20. The undersigned concluded that the non-diverse defendant had not been improperly joined, and, because there was not complete diversity, the case should be remanded to the state court, and the motions to dismiss should be declared moot. *See* Dkt. No. 21. The Removing Defendants filed objections to the Findings, Conclusions, and Recommendation of the Magistrate Judge (the "FCR"). *See* Dkt. No. 22.

Judge Lindsay rejected the Removing Defendants' arguments, accepted the undersigned's findings and recommendation, and remanded the case to state court. *See* Dkt. No. 24. Additionally, Judge Lindsay concluded that the Removing Defendants lacked an objectively reasonable basis for seeking removal and ordered them under 28 U.S.C. § 1447(c) to pay Plaintiff's reasonable attorneys' fees and costs incurred as a result of the removal. *See id.*

2

Pursuant to Judge Lindsay's order, Plaintiff seeks $70,041.00 in reasonable and necessary attorneys' fees. *See* Dkt. No. 25. The Removing Defendants challenge the Court's conclusion that removal was objectively unreasonable. Alternatively, the Removing Defendants argue that the amount of fees should be reduced and argue that not all of the fees sought by Plaintiff were incurred as the result of removal.

The undersigned now concludes that the motion should be granted in part and denied in part.

## Legal Standards

The Court, in remanding a case, may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal under 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005) (stating that 28 U.S.C. § 1447(c) authorizes courts to award costs and fees, but only when such an award is just). The standard for awarding fees turns on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" at the time removal was sought." *Martin*, 546 U.S. at 141; *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004).

It is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c). *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Court's decision to grant or deny

3

attorneys' fees under Section 1447(c) is discretionary. *See Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of

attorneys' fees).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances;

5

(8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party may only recover attorneys' fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Court of Appeals for the Fifth Circuit has "interpret[ed] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

The Court recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the *Perdue* decision, has continued to utilize the approach laid out by this Court. *See Black v. Settle Pou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d

291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a recent published opinion, has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554, 130 S. Ct. 1662. ....
> 
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554, 130 S. Ct. 1662. .... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare. ....
> 
> In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54, 130 S. Ct. 1662.

*Id.* at 393-95.

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the

7

necessary factors when determining the appropriate amount of attorneys' fees to be awarded under 28 U.S.C. § 1447(c).

## Analysis

I.   <u>Reconsideration of Fee Award</u>

As an initial matter, the Removing Defendants "object to the Court's determination that 'no objectively reasonable grounds existed to remove this action'" and request that the Court reconsider its decision to render a fee award in Plaintiff's favor. Dkt. No. 27 at 1-3.

In the motion for remand, Plaintiff argued that it was entitled to attorneys' fees because removal "was not objectively reasonable as evidenced by the fact that [the Removing] Defendants applied the wrong pleading standard and superceded case law in arguing that [Plaintiff] had failed to state a claim and ignored the facts in the Petition that clearly established HLS's wrongdoing and connection to [Plaintiff's] injuries." Dkt. No. 7 at 15. The Removing Defendants now argue that that is insufficient to support the attorneys' fees award. *See* Dkt. No. 27 at 1-3.

At the time of removal, the Fifth Circuit held that, in accordance with three of its unpublished opinions, the Texas fair notice pleading standard, not the federal pleading standard, applied to determine whether a defendant was improperly joined in order to defeat removal. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) (opinion withdrawn, 800 F.3d 193 (5th Cir. 2016)). Plaintiff sought remand under the Texas pleading standards. *See* Dkt. No. 7 at 9-11.

8

While the motion to remand was pending, the Fifth Circuit reconsidered its holding and clarified that the federal pleading standard, not the state pleading standard, applies to determine whether a nondiverse defendant has been improperly joined, *see Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016) (on reconsideration), and the undersigned discussed the clarification in its FCR, *see* Dkt. No. 21 at 11-12. In their objections to the FCR, the Removing Defendants acknowledged that the federal pleading standard applied. *See* Dkt. No. 22 at 2-4.

The Removing Defendants fail to explain how Plaintiff's reference to the state pleading standard in the motion to remand precludes the recovery of attorneys' fees. Plaintiff invoked the pleading standard applied by the Fifth Circuit at the time – which was more lenient and would have favored remand – and the Fifth Circuit's subsequent determination that the federal standard should be applied was acknowledged by the parties and followed by the Court.

Accordingly, the Court should overrule these objections to its determination that Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred for Defendants' removal of this action to federal court.

II.    Amount of the Fee Award

Plaintiff contends that, as a result of removal of the case to this Court, it was required to (1) draft a motion to remand; (2) review the Removing Defendants' response to the motion for remand and draft a reply; (3) review and draft responses to four motions to dismiss under the Federal Rules of Civil Procedure; (4) review the

9

undersigned's FCR; and (5) review and draft a response to the Removing Defendants' objections to the FCR. Plaintiff further contends that, but for the Removing Defendants' improper removal of this case, it would not have performed any of this work.

Plaintiff seeks $70,041.00 in attorney and paralegal fees incurred as the result of removal. Its motion and application for attorneys' fees is supported by the Declaration of Ross Cunningham and attached exhibits, including billing records. *See* Dkt. No. 25-1.

Plaintiff was represented by Cunningham Swaim LLP partners Ross Cunningham, who has been licensed in Texas since 1998, and Steven Sanfelippo, who has been licensed in Texas since 2000. Both Mr. Cunningham and Mr. Sanfelippo have extensive experience in federal and state court litigation, including insurance disputes. Plaintiff was also represented by Cunningham Swaim LLP associate Rebecca Solomon, who has been licensed in Texas since 2012, and paralegal Cindy Tijerina, who has over 30 years of experience in civil litigation.

Mr. Cunningham performed 53.5 hours of work at an hourly billing rate of $500.00 ($26,750.00), generally supervising the litigation, including reviewing, revising and assisting with all briefing. Mr. Sanfelippo performed 35.1 hours of work at an hourly rate of $500.00 ($17,550.00), supervising, researching, drafting, revising and assisting with all briefing. Ms. Solomon performed 76.2 hours of work at an hourly rate of $325.00 ($24,765.00), researching, drafting, revising and finalizing all briefing. Ms. Tijerina performed 6.1 hours of work at the hourly rate of $160.00 ($976.00), reviewing

the filings in the case and assisting with the preparation of briefing and other filings with the court.

Mr. Cunningham declared that the hourly rates of these attorneys and paralegal are both reasonable and customary in the Dallas, Texas market for the type of services performed and for attorneys and paralegals with these levels of experience. Mr. Cunningham also declared that Plaintiff has a long-standing relationship with Cunningham Swaim LLP, that it has retained the firm and the attorneys involved in this case to represent it in various business and litigation matters for many years, including the litigation in Illinois underlying the damages claimed in this lawsuit, and that it has continued to retain the firm for matters since the filing of this lawsuit. During the pendency of this lawsuit, Plaintiff's attorneys were precluded from working on other projects for other clients, and Plaintiff's attorneys were successful in obtaining a remand of this case to state court.

The Removing Defendants challenge the amount of the requested fees. They argue that Plaintiff's attorneys' fees for responding to the motions to dismiss for failure to state a claim and for lack of personal jurisdiction should not be included in the fee award because they were not incurred as the result of removal. Specifically, they assert that 47.9 hours of work, for a total of $17,776.00 in claimed fees, was spent litigating those issues and should be deducted from any award. *See* Dkt. No. 27 at 4-6.

In cases of wrongful removal, the amount of costs and fees must be limited to those incurred in the federal court that would not have been incurred had the case remained in state court. *See Avitts*, 111 F.3d at 32. "[A] party's costs of opposing

11

removal, seeking remand, and other expenses incurred because of the improper removal may be awarded. By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Id.*; *accord De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 439 (5th Cir. 2014).

The Removing Defendants filed their notice of removal on February 29, 2016. *See* Dkt. No. 1. HLS, the non-diverse defendant, filed a motion to dismiss for failure to state a claim on March 7, 2016. *See* Dkt. No. 5. HLS had not filed an answer at the time of removal. *See* Dkt. No. 1-2 at 2-3. Plaintiff filed its motion to remand on March 28, 2016. *See* Dkt. No. 7. That same day, Plaintiff also filed a response to HLS's motion to dismiss. *See* Dkt. No. 8. Defendant Raj Mehta filed a motion to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim on April 20, 2016. *See* Dkt. No. 11. Plaintiff filed a response on May 11, 2016. *See* Dkt. No. 14. Defendant Berkshire Hathaway Inc. filed a motion to dismiss for lack of personal jurisdiction, or, alternatively, for failure to state a claim on May 27, 2016. *See* Dkt. No. 16. Defendant Thomas Meierant filed a motion to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim on June 7, 2016. *See* Dkt. No. 17. Plaintiff filed a response to Berkshire Hathaway's motion on June 17, 2016, *see* Dkt. No. 18, and to Meierant's motion on June 28, 2016, *see* Dkt. No. 19.

The Removing Defendants contend that all of these matters would have been litigated had the case remained in state court. Plaintiff responds that the same issues would not have been litigated because of the different pleading standards in federal

12

and state court.

But, even though the briefs will have to be modified, this should not require a significant amount of time given that the claims and defenses are identical in state and federal court. *See Dimitrijevic v. TV & C GP Holding Inc.*, No. Civ. A H-04-3457, 2005 WL 2656256, at *4 (S.D. Tex. Oct. 18, 2005); Dkt. No. 1-3 (Plaintiff's Original Petition, asserting only state law claims). And, even though the amount of fees could have been reduced had the two defendants who had filed special appearances and special exceptions in the state court waited until the motion to remand was resolved instead of filing motions to dismiss in federal court, as Plaintiff argues, most, if not all, of those arguments would have to be addressed at some point in the litigation. Three of the four motions to dismiss – and Plaintiff's corresponding responses – are primarily based not on failure to comply with federal pleading standards but on alleged lack of personal jurisdiction, which applies in Texas state court as well as federal court. *See generally Searcy v. Parex Res., Inc.*, 496 S.W.3d 58 (Tex. 2016), *reh'g denied* (Sept. 23, 2016); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) ("Thus, we rely on precedent from the United States Supreme Court and other federal courts, as well as our own State's decisions, in determining whether a nonresident defendant has met its burden to negate all bases of jurisdiction."). And, although Plaintiff contends that the motions to dismiss for failure to state a claim may not be refiled in state court under the governing rules applicable there, unlike in *Jiwani v. United Cellular, Inc.*, No. 3:13-cv-4243-M-BK, 2014 WL 4805781 (N.D. Tex. Sept. 29, 2014), Plaintiff did not move to stay briefing on any motions to dismiss pending the Court's decision on its
13

motion to remand.

Accordingly, the undersigned concludes that $17,776.00 in attorneys's fees incurred for preparing responses to the motions to dismiss should not be included in the attorneys' fees award. *Accord Wermelinger v. Conn. Gen. Life Ins. Co.*, No. 3:97-cv-1100-D, 1998 WL 401607, at *3 (N.D. Tex. July 15, 1998) ("Because only fees incurred as a result of the removal are recoverable, the court must reduce many entries. The entries range from time spent on motions to dismiss and motions to disqualify opposing counsel....").

The Removing Defendants also argue that Plaintiff's attorneys failed to segregate their time spent on removal from time spent on other issues. Specifically, they argue that 67.4 hours of work – for a total of $31,853.00 in attorneys' fees – should not be included in any award.

The undersigned finds that, because Plaintiff's attorneys used block billing, it is impossible to determine the exact amount of time spent on responses to the motions to dismiss. The term "block billing" refers to the time-keeping method by which each lawyer enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *See Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-913-D, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005). Block billing makes it difficult to determine the precise number of hours that should be reduced in each time entry due to vague descriptions. *See id.* at *4. Plaintiff's attorneys' block billing makes it impossible to determine how much time was devoted to the motion for remand or the motions to dismiss. Accordingly, the undersigned concludes that $31,853.00 in

14

attorneys' fees should not be included in the award.

As to the remaining amounts sought, the undersigned finds that hourly rates of $500.00 for Mr. Cunningham and Mr. Sanfelippo and of $160.00 for Ms. Tijerina are reasonable and within the market rate for attorneys and paralegals with comparable experience handling this type of litigation in the Dallas area. But the requested hourly rate of $325.00 for Ms. Solomon, a fourth-year associate, is not. Judge Lindsay recently explained that "the normal and customary rate for a four-five year attorney in the Dallas legal market ... is $225-275 per hour." *Parks v. Commercial Recovery Sys., Inc.*, No. 3:12-cv-2742-L, 2014 WL 521501, at *1 (N.D. Tex. Feb. 7, 2014). The undersigned believes that that is the correct range for such a lawyer in the Dallas market and that $275 is the appropriate rate at which to award fees for work performed by Ms. Solomon, as the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Accounting for these reductions in the hourly rates requested by Plaintiff results in a further reduction of $1,840.00 from the fees that Plaintiff seeks for Ms. Solomon's work. But the undersigned otherwise concludes that the remaining fees that Plaintiff seeks were reasonable and necessary and not excessive, duplicative, or inadequately documented and were incurred as a result of the removal and therefore properly awarded under 28 U.S.C. § 1447(c). The undersigned has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases and finds no basis to recommend modification here.

In sum, the undersigned finds that Plaintiff should be awarded $18,572.00

($70,041.00 - ($17,776.00 + $31,853.00 + $1,840.00)) in attorneys' fees under 28 U.S.C. § 1447(c) – or, broken out another way, $2,050.00 for work performed by Mr. Cunningham (4.1 hours at $500.00 per hour), $6,050.00 for work performed by Mr. Sanfelippo (12.1 hours at $500.00 per hour), $10,120.00 for work performed by Ms. Solomon (36.8 hours at $275.00 per hour), and $352.00 for work performed by Ms. Tijerina (2.2 hours at $160.00 per hour) – for the wrongful removal of this case from state to federal court.

## Recommendation

Western Healthcare LLC's Motion and Application for Attorneys Fees [Dkt. No. 25] should be granted in part and denied in part, and Plaintiff Western Healthcare LLC should be awarded $18,572.00 in attorneys' fees under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE